[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 217.]

THE STATE EX REL. CASSELS, APPELLANT, *v.* DAYTON CITY SCHOOL DISTRICT
BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*,
1994-Ohio-92.]

*Schools—Employment of administrators—Failure to comply with R.C. 3319.02(D)*
*evaluation procedures will not invalidate a board of education's action not*
*to renew an administrative contract.*

(No. 93-1876—Submitted February 22, 1994—Decided May 4, 1994.)

APPEAL from the Court of Appeals for Montgomery County, No. 13607.

————————————

{¶ 1} On August 19, 1992, Winona P. Cassels, relator-appellant, filed this
mandamus action in the Montgomery County Court of Appeals against the Dayton
City School District Board of Education, respondent-appellee. The complaint, as
subsequently amended, requested a writ of mandamus commanding appellee to
issue a two-year assistant principal contract to appellant, effective as of July 1,
1992. Appellant further prayed for back pay and fringe benefits. The parties filed
motions for summary judgment.

{¶ 2} Appellee employed appellant as an assistant director of magnet
schools for the 1989-1990 school year at a salary of $48,904.13. Appellee then
contracted with appellant for employment in the same position for a two-year
period beginning July 1, 1990 and ending June 30, 1992, at a salary of $53,485.12
per year. During this period appellant was transferred to a position as assistant
principal and her salary was increased. At no time prior to June 1, 1992 did
appellant notify appellee in writing that she did not wish to be deemed reemployed
pursuant to R.C. 3319.02(C). Prior to March 31, 1992, appellee issued to appellant
a written notice of its intent not to reemploy her as an assistant principal.

**{¶ 3}** In deciding not to reemploy appellant as an assistant principal or other administrator, appellee neither reviewed nor discussed any written evaluation of appellant. In fact, during appellant's last school year as an assistant principal, appellee did not make any written evaluation of her. During the school year beginning July 1, 1992, appellee employed appellant in a position other than as an assistant principal or school administrator at a substantially lower salary.

**{¶ 4}** Appellee attached to its motion for summary judgment and memorandum in opposition to appellant's motion for summary judgment the affidavits of David B. Puthoff, treasurer of appellee, and Robert Cannarozzi, Supervisor of Certificated Personnel and Reserve Teachers for appellee. The affidavits noted as follows:

"The factual statements set forth in the Memorandum in Opposition to Motion For Summary Judgment under the argument: The Position for which Relator held an administrative contract was abolished, are true and accurate."

**{¶ 5}** That memorandum indicated that (1) appellant, along with all other administrators whose contracts were expiring on June 30, 1992, was sent notice by appellee of its intent not to reemploy her as an administrator for the 1992-1993 school year; (2) the school district subsequently abolished eleven assistant principal positions, including appellant's, for the 1992-1993 school year; and (3) appellant accepted reemployment as a high school English teacher.

**{¶ 6}** On December 11, 1992, appellant filed a motion to strike certain portions of the Puthoff and Cannarozzi affidavits, including those parts incorporating the factual statements set forth in appellee's memorandum. Appellant claimed that the affidavits failed to establish that either of the affiants possessed the requisite personal knowledge concerning the matter. Appellee filed no response to appellant's motion, and the court of appeals never expressly ruled on it. The court of appeals ultimately granted appellee's summary judgment motion and denied appellant's complaint for a writ of mandamus.

**{¶ 7}** This cause is before the court upon an appeal as of right.

_____

*Young, Pryor, Lynn & Jerardi*, and *Larry A. Smith*, for appellant.

*John F. Lenehan*, for appellee.

_____

**Per Curiam.**

**{¶ 8}** In order for a writ of mandamus to issue, a relator must demonstrate that (1) he or she has a clear legal right to the relief prayed for; (2) respondent is under a corresponding legal duty to perform the requested act; and (3) relator has no plain and adequate legal remedy. *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 158, 609 N.E.2d 1266, 1267. Furthermore, Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 65-66, 609 N.E.2d 144, 145; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

**{¶ 9}** Appellant's second, third, fourth, and fifth propositions of law essentially assert that the court of appeals committed reversible error by granting appellee's motion for summary judgment because appellee's failure to comply with the evaluation requirements of R.C. 3319.02(D) rendered its action to not reemploy appellant as an assistant principal void.

**{¶ 10}** R.C. 3319.02(C) provides in part:

"An assistant superintendent, principal, assistant principal, or other administrator is, at the expiration of his current term of employment, deemed

reemployed at the same salary plus any increments that may be authorized by the board of education, unless he notifies the board in writing to the contrary on or before the first day in June, or unless such board, on or before the last day of March of the year in which his contract of employment expires, either reemploys him for a succeeding term or gives him written notice of its intention not to reemploy him."

{¶ 11} R.C. 3319.02 is a remedial statute that must be liberally construed in favor of administrators. *State ex rel. Smith v. Etheridge* (1992), 65 Ohio St.3d 501, 605 N.E.2d 59, syllabus; R.C. 1.11. Pursuant to R.C. 3319.02(C), a board of education's failure to provide timely written notice of its intention not to reemploy an administrator results in the administrator's entitlement to mandamus to be reemployed by the board. *State ex rel. Luckey v. Etheridge* (1992), 62 Ohio St.3d 404, 583 N.E.2d 960; *State ex rel. Brennan v. Vinton Cty. Local School Dist. Bd. of Edn.* (1985), 18 Ohio St.3d 208, 18 OBR 271, 480 N.E.2d 476. Similarly, appellant claims that the failure of a board of education to comply with the evaluation procedures of R.C. 3319.02(D) renders any board action not to reemploy an administrator void.

{¶ 12} Resolution of appellant's contentions requires statutory construction of R.C. 3319.02(D), which provides:

"Each board of education shall adopt procedures for the evaluation of all assistant superintendents, principals, assistant principals, and other administrators and shall evaluate such employees in accordance with these procedures. The evaluation based upon such procedures shall be considered by the board in deciding whether to renew the contract of employment of an assistant superintendent, principal, assistant principal, or other administrator. The evaluation shall measure each assistant superintendent's, principal's, assistant principal's, and other administrator's effectiveness in performing the duties included in his job description and the evaluation procedures shall provide for, but not be limited to, the following:

4

"(1) Each assistant superintendent, principal, assistant principal, and other administrator shall be evaluated annually through a written evaluation process.

"(2) The evaluation shall be conducted by the superintendent or his designee.

"(3) In order to provide time to show progress in correcting the deficiencies identified in the evaluation process the completed evaluation shall be received by the evaluatee at least sixty days prior to any action by the board of education on the employee's contract of employment.

"* * *

"The establishment of an evaluation procedure shall not create an expectancy of continued employment. *Nothing in this section shall prevent a board of education from making the final determination regarding the renewal of or failure to renew the contract of any assistant superintendent, principal, assistant principal, or other administrator.*" (Emphasis added.)

"In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. * * * In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319, 1323. Words used in a statute must be taken in their usual, normal or customary meaning. R.C. 1.42; *Indep. Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817. In construing a statute, it is the duty of the court to give effect to the words used and not to insert words not used. *S.R.*, *supra*, at 595, 589 N.E.2d at 1323. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation. * * * However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent." *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 96, 573 N.E.2d 77, 80.

**{¶ 13}** At least one treatise has noted an arguable internal inconsistency in R.C. 3319.02(D):

"It is not entirely clear whether an administrator's contract may be nonrenewed even though the board has failed to provide an evaluation sixty days prior to the nonrenewal action.  The language of the statute seems to make timely receipt of the evaluation by the administrator an absolute prerequisite to any contract action.  However, the statute also declares that the evaluation procedure 'shall not create an expectancy of continued employment,' and  that '[n]othing in this section shall prevent a board of education from making the final determination regarding the renewal or failure to renew the contract * * *.'  The latter language would appear to allow the board to renew or nonrenew an administrator's contract even in the absence of strict compliance with its evaluation procedures." (Footnotes omitted.)  1 Baker & Carey, Ohio School Law (1993) 115-116, Section 3.48.

**{¶ 14}** In other words, the latter language of R.C. 3319.02(D) provides that the board makes the final determination regarding the renewal or nonrenewal of the administrator's contract so that it may lawfully decide not to renew the contract of an administrator even where it has not complied with the evaluation requirements of R.C. 3319.02(D).

**{¶ 15}** In *State ex rel. Smith*, 65 Ohio St.3d at 508, 605 N.E.2d at 64-65, the court noted the following regarding R.C. 3319.02(D):

"While the foregoing statutory language requires the board to consider the administrator's evaluation, it does not require the board to base its decision on such evaluations. * * * [T]he * * * language indicates that even if a board did not consider an administrator's evaluation in voting to nonrenew a contract, such a failure does not by itself undermine a board's decision to nonrenew an administrative contract."

**{¶ 16}** The court of appeals interpreted the foregoing language from *Smith* as follows:

6

"Whether a board's failure to consider an evaluation will invalidate their decision to nonrenew must turn upon the facts of each case. If the complaining party can show no prejudice resulting from the school board's failure to evaluate their administrative personnel and to consider these evaluations before taking any decision affecting administrative contracts then that failure will not entitle the complainant to relief."

{¶ 17} The court of appeals then determined that the board had decided not to renew appellant's contract because her position had been abolished and that appellant did not establish prejudice from appellee's failure to evaluate her and consider the evaluations since even an excellent evaluation would not have resulted in a decision to renew her contract.

{¶ 18} It is apparent that the court of appeals misinterpreted *State ex rel. Smith* and R.C. 3319.02(D). Although R.C. 3319.02(D) mandates the evaluation procedure, it provides no remedy of reemployment for failure on the part of the board to comply with that procedure. Indeed, R.C. 3319.02(C) deems an administrator reemployed by operation of law only if a timely written notice of the board's intention not to reemploy is not given. By contrast, as appellee notes, R.C. 3319.11 specifically provides that a board's failure to comply with the teacher evaluation requirements of R.C. 3319.111 results in reemployment of the teacher. In other words, if the General Assembly had intended that board compliance with the administrative evaluation provisions of R.C. 3319.02(D) be a prerequisite to a valid board decision not to renew an administrative contract, it would have so provided, as it did in R.C. 3319.11 for teachers' contracts.

{¶ 19} Furthermore, R.C. 3319.02(D) expressly states that "[n]othing in this section shall prevent a board of education from making the final determination regarding the renewal of or failure to renew the contract of any assistant superintendent, principal, assistant principal, or other administrator." This manifestly indicates that noncompliance with any or all of the R.C. 3319.02(D)

evaluation procedures does not invalidate a board's action not to renew an administrative contract. Cf., *e.g.*, *Martines v. Cleveland City School Dist. Bd. of Edn.* (Dec. 16, 1993), Cuyahoga App. No. 64263, unreported (R.C. 3319.02[D] bestows upon the board the power to make a final determination concerning the contract renewal of an administrator).

**{¶ 20}** Therefore, the *State ex rel. Smith* language should be interpreted to mean that a failure to comply with the R.C. 3319.02(D) evaluation procedures will not invalidate a board's action not to renew an administrative contract. This result comports with the language of R.C. 3319.02(C) and (D). But, cf., *State v. Arnold* (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079, 1082 (it is a cardinal rule of statutory construction that a statute shall be construed, if practicable, as to give some effect to every part of it). Since appellant never alleged anything in addition to the failure of appellee to comply with R.C. 3319.02(D) and readily admitted that she was sent a timely notice of nonrenewal pursuant to R.C. 3319.02(C), she was, as a matter of law, not entitled to a writ of mandamus to compel her reemployment as an assistant principal. In short, she has demonstrated neither a clear legal right to renewal of her assistant principal contract nor a corresponding clear legal duty on the part of appellee to provide it.

**{¶ 21}** While the court of appeals did not rely on the aforementioned rationale to enter summary judgment in favor of appellee, a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614, 614 N.E.2d 742, 745; *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174; but, cf., *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138 (failure of a trial court to comply with mandatory duty to thoroughly examine all appropriate materials filed before ruling on a motion for summary judgment constitutes reversible error).

8

**{¶ 22}** Appellant relies heavily on *State ex rel. Lee v. Bellefontaine City Bd. of Edn.* (1985), 17 Ohio St.3d 124, 17 OBR 271, 477 N.E.2d 1135, in support of her contention that the failure of appellee to comply with R.C. 3319.02(D) rendered its action not to reemploy appellant void. However, *Lee* involved former R.C. 3319.11's written notice requirements concerning teachers. The former and current versions of R.C. 3319.11 do not contain the language of R.C. 3319.02(D) that "[n]othing in this section shall prevent a board of education from making the final determination regarding the renewal of or failure to renew" an administrative contract. Consequently, *Lee* is inapposite. Therefore, for the foregoing reasons, appellant's second, third, fourth and fifth propositions of law are meritless.

**{¶ 23}** Appellant's first proposition of law asserts that the court of appeals erred in granting summary judgment to appellee and denying the requested mandamus relief where (1) the court of appeals' judgment was based upon portions of affidavits that should have been stricken because they were not based on the affiants' personal knowledge; and (2) even if the affidavits were proper summary judgment evidence, genuine issues of material fact remain. Appellant moved to strike the portions of Puthoff's and Cannarozzi's affidavits incorporating the factual statements of appellee's memorandum in opposition to appellant's summary judgment motion. The court of appeals never expressly ruled on the motion. Nevertheless, when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001. Therefore, it must be determined if the court of appeals abused its discretion in overruling the motion to strike. See, *e.g.*, *Jewett v. Our Lady of Mercy Hosp. of Mariemont* (1992), 82 Ohio App.3d 428, 612 N.E.2d 728. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222.

**{¶ 24}** Affidavits filed in support of and in opposition to motions for summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Civ.R. 56(E); McCormac, Ohio Civil Rules Practice (2 Ed.1992) 158-9, Section 6.33. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evid.R. 602. The challenged affidavits do not indicate that the affiants are testifying based upon personal knowledge. While some cases have stated that the requisite personal knowledge may be inferred from the position or title of the affiant, see, *e.g.*, *Barthelemy v. Air Lines Pilots Assn.* (C.A. 9, 1990), 897 F.2d 999, 1018, and *Fisher v. Lewis* (1988), 57 Ohio App.3d 116, 117, 567 N.E.2d 276, 278, those cases also noted other indicia not present here, *e.g.*, other evidence in the affidavits in *Barthelemy* concerning the affiants' participation in the disputed matters. Here, nothing indicates that either Treasurer Puthoff or Supervisor Cannarozzi had personal knowledge of the specific events here or even participated in them. In fact, the minutes attached to appellant's motion for summary judgment indicate Puthoff's absence during the board's consideration of the superintendent's recommendation not to renew appellant's contract. Therefore, the court of appeals arguably abused its discretion in not striking those portions of the affidavits and in relying on those affidavits to grant summary judgment in favor of appellee. Moreover, this error would be prejudicial to appellant *if* the court of appeals' interpretation of the pertinent statute were correct.

**{¶ 25}** Furthermore, as to appellant's second contention under her first proposition of law, the portions of the memorandum incorporated in the affidavits noted only that the school district had abolished appellant's assistant principal position *subsequent* to its action sending notice to appellant of its intent not to reemploy her as an assistant principal or other administrator. The court of appeals determined that because her position had been abolished, any evaluation would

have had no effect on the board's decision whether to renew her contract. However, as noted by appellant, construing the evidence most favorably to appellant, reasonable minds could conclude that since the decision to abolish her position was made *after* the decision not to renew her administrative contract, an excellent evaluation *could* have affected appellee's earlier decision not to renew. Nevertheless, given our disposition concerning appellant's second, third, fourth, and fifth propositions of law, the error committed by the court of appeals in this regard is harmless, and the first proposition is thus moot.

{¶ 26} Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

———————————