OPINION
This matter is before the Court upon appeal by Appellants Ohio Ethics Commission ("Commission"), the Executive Director David Freel, and members of the Ohio Ethics Commission. Appellants are appealing the decision of the Stark County Court of Common Pleas issued on July 29, 1997. The facts giving rise to this appeal are as follows.
The issue on appeal concerns Opinion No. 96-001 which prohibited post-election, pre-term pay raises for city council members and certain city officials. In drafting the ordinance in question, the Canton City Law Director determined no statute, opinion or precedent prohibited post-election, pre-term pay raises for council members of non-charter municipalities. Canton City Council enacted Ordinance No. 254/96 on December 18, 1995. The ordinance granted a nine percent pay raise to the mayor, law director, auditor, president of city council and council members. The raise was to take effect on January 1, 1996, when the new terms of office for City Council began.
Following the effective date of the ordinance, two interested city residents questioned the Ohio Ethics Commission about the legality of the ordinance. As a result of this inquiry, the Commission disseminated a document entitled "In-Term Increases in Compensation". This document summarized the restrictions against public officials acting on or accepting in-term pay increases. The document provided, in pertinent part:
 R.C. 102.03(D) and (E) further prohibit an individual who had been re-elected to public office from accepting an increase in his compensation that is enacted after his re-election but prior to the beginning of his new term of office.
The Commission based this opinion upon Opinion No. 93-006, which provides that such actions are prohibited by villages.
As a result of this document, Law Directors from Canton and Massillon contacted the Commission and requested an advisory opinion. The Commission thereafter issued Opinion No. 96-001, which held that municipal officers of a statutory city cannot increase compensation to which they are entitled in their next term of office, after knowing that they have been re-elected to the office, but prior to the beginning of their new terms. This opinion was unanimously approved by the Commission on March 15, 1996. The Commission refused to apply the opinion prospectively.
As a result of the Commission's opinion, on December 5, 1996, Appellees, Canton City Council members Coleman, Smuckler and Hunter, filed a complaint seeking a declaratory judgment naming the City of Canton, Canton City Council, the Ohio Ethics Commission, its members and Executive Director as defendants. Appellees were serving as council members prior to November, 1995, and were re-elected to their positions in an election held on November 7, 1995.
In their declaratory judgment action, appellees sought an order from the trial court declaring Canton City Ordinance No. 254/96 valid. The ordinance in question related to post-election, pre-term pay raises for council members. Appellees also requested the trial court to declare that a certain opinion rendered by the Ethics Commission had no effect upon Canton City Ordinance No. 254/96.
Appellant Commission filed a motion to dismiss. Prior to the trial court ruling upon the motion, appellees dismissed their claims against the Commission. The trial court conducted a status conference on February 7, 1997. The trial court ordered the parties to prepare an agreed order setting forth the specific issues remaining within fourteen days. The trial court also ordered that in the event the Commission believed it still had an interest, it should brief the matter within fourteen days.
The Commission filed a motion to intervene on the basis that it had an interest in the resolution of the proposed stipulations of the legal issues submitted by appellees. The trial court granted the Commissions's motion on March 19, 1997. Thereafter, the trial court conducted another status conference on April 16, 1997. The trial court determined that four factual issues remained in dispute. The trial court conducted an evidentiary hearing, on these issues, on May 30, 1997.
Following the hearing, the trial court issued findings of fact on these four issues. On June 25, 1997, the parties submitted supplemental stipulations. The matter proceeded before the trial court upon the parties' briefs. The trial court's order, issued on July 29, 1997, sustained the declaratory judgment in part and denied it in part.
Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE LOWER COURT ERRED WHEN IT FAILED TO DECLARE THAT POST-ELECTION, PRE-TERM SALARY INCREASES ARE PROHIBITED BY R.C. § 102.03(D) AND (E).
 II. THE LOWER COURT ERRED WHEN IT FAILED TO DETERMINE THAT PUBLIC OFFICIALS WHO VOTE ON THEIR OWN COMPENSATION ARE SUBJECT TO THE CONFLICT OF INTEREST PROVISIONS CONTAINED IN R.C. § 102.03(D) AND (E).
 III. THE LOWER COURT ERRED WHEN IT DECLARED THAT ORDINANCE 254/95 WAS VALIDLY ENACTED.
 I
Appellants raise three major concerns all revolving around the concept of whether a city council member can vote for a pay raise which he or she will receive if they have been elected to hold the position but have not yet begun to serve their new term. As stated by appellants, it is a post-election, pre-term salary increase. Appellants argue it is invalid for three reasons. First, it violates R.C. 102.03(D) and (E). Second, any official who votes for such a pay increase is subject to the conflict of interest provisions of R.C. 102.03(D) and (E). Finally, appellants contend the ordinance, passed by the council members' votes, was not validly enacted.
The Commission focuses its position upon a reading of R.C.102.03(D) and (E) which provides, in pertinent part:
* * *
 (D) No public official or employee shall use or authorize the use of the authority or influence of office or employment to secure anything of value or the promise or offer of anything of value that is of such a character as to manifest a substantial and improper influence upon him with respect to that person's duties.
(Emphasis added.)
 (E) No public official or employee shall solicit or accept anything of value that is of such a character as to manifest a substantial and improper influence upon him with respect to that person's duties. (Emphasis added.)
Appellants contend the above sections of R.C. 102.03 apply to the facts of this case. We disagree.
First, the statute sets forth the covered categories. They include: bribery, honorariums, travel expenses and memberships in organizations. None of these categories appear to refer to an open public vote for a pay raise. Next, a review of the statutory provisions alleged to have been violated does not specifically, nor in broad terms, refer to the facts at hand. The substance of the statute, by its own language, applies to issues of substantial and improper influence upon the public official or employee with respect to that person's duties.
There are no allegations, in this case, that the pay raise would be a substantial and improper influence with respect to the performance of their duties as city council members. The language of the statute refers to actions that result in personal gain to the council member by the act of accepting a gift or something of value that may affect or influence the council member's votes or actions for the benefit of the donor rather the general good of the residence of the city. The most blatant example would be bribery as set forth in this section of the statute. However, such conduct could include the acceptance of a gift or something of value without the intent required for bribery.
We do not find, through a plain reading of the statute, that voting on a pay raise pre-term, post-term, or in-term is covered by the statute in question. The act of voting a pay raise, even for the benefit of oneself, cannot be considered the acceptance of something of value that will influence one's public actions, substantially, improperly or otherwise. It is the act of a pay raise and the potentially self-serving nature of it that may be found to be offensive but not pursuant to this statute. The voters will have the ultimate say as to the propriety of the timing of the pay raise.
The parties agree that the act of voting pay raises to council members is covered by R.C. 731.07, which provides:
 The salary of any officer of a city shall not be increased or diminished during the term for which he was elected or appointed. This section does not prohibit the payment of any increased costs of continuing to provide the identical benefits provided to an officer at the commencement of his term of office.
The above statute applies to the factual situation presently before the Court. The rules of statutory construction require that the plain language of a statute be applied when no ambiguities exist. The Ohio Supreme Court explained, in the case of State ex rel. Cassels v. Dayton City School Dist. Bd. ofEdn. (1994), 69 Ohio St.3d 217, 220:
 In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. * * * In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished. * * * Words used in a statute must be taken in their usual, normal or customary meaning. * * * [I]t is the duty of the court to give effect to the words used and not to insert words not used. * * * Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation. * * * However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent.
We find the language of R.C. 731.07 clearly limits its application to in-term pay raises. Certainly, the legislature could have included pre-term, post-election pay raises if it had desired to do so. This Court will not assume that the General Assembly carelessly forgot to include language to cover the situation currently before this Court when in fact, the General Assembly did address this situation for villages in R.C. 731.13.
R.C. 731.13 provides, in pertinent part:
 The legislative authority of a village shall fix the compensation and bonds of all officers, clerks, and employees of the village except as otherwise provided by law. The legislative authority shall, in the case of elective officers, fix their compensation for the ensuing term of office at a meeting held not later than five days prior to the last day fixed by law for filing as a candidate for such office. All bonds shall be made with sureties subject tot he approval of the mayor. The compensation so fixed shall not be increased or diminished during the term for which any officer is elected or appointed. This section does not prohibit the payment of any increased costs of continuing to provide the identical benefits provided to an officer at the commencement of his term of office. (Emphasis added.)
R.C. 731.07 and R.C. 731.13 both became effective on the same date. This Court will not presume that the General Assembly simply forgot to apply the same restrictions to city council members as it did to villages. If there was an error in failing to require similar language, then it is for the General Assembly to correct, not this Court. The General Assembly drafts and enacts the laws of this State, not the courts. In fact, the General Assembly has voted pay raises post-election, pre-term, similar to the appellees' actions. Although, as pointed out by appellants, the situations are not identical, they are certainly similar. This Court assumes the General Assembly knows the intent of their own statutes and acts in compliance with those statutes. We interpret statutes when required to do so. In the case subjudice, the plain language of the statute does not prohibit the actions taken by appellees.
Appellants further argue the trial court failed to determine whether R.C. 102.03, as opposed to R.C. 731.07, precludes acceptance of the pay raise. Based upon the above analysis, we find the trial court properly found, without expressly addressing the issue, that R.C. 102.03 did not apply.
Appellants' first assignment of error is overruled. We will not address appellants' second and third assignments of error as our decision in appellants' first assignment of error is dispositive of this matter on appeal.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.