JOURNAL ENTRY AND OPINION
Plaintiffs-appellants University Hospitals of Cleveland, Inc. and Kevin D. Cooper, M.D. (collectively plaintiffs) appeal the orders of the trial court entering judgment for defendants-appellees William S. Lynch, M.D. and University Dermatologists, Inc. (collectively defendants) on plaintiffs' claims for equitable relief and specific performance, granting defendants' motion for summary judgment on the issue of damages, and denying plaintiffs' motion for leave to file an amended complaint. Plaintiffs assign the following errors for our review:
 I. THE TRIAL COURT ERRED IN ENTERING JUDGMENT FOR DEFENDANTS ON PLAINTIFFS' CLAIM SEEKING A CONSTRUCTIVE TRUST UPON THE SHARES AND ASSETS OF UDI OR OTHER APPROPRIATE EQUITABLE RELIEF, INCLUDING AN ACCOUNTING.
 II. THE TRIAL COURT ERRED IN ENTERING JUDGMENT FOR DEFENDANTS ON PLAINTIFFS' CLAIMS SEEKING SPECIFIC PERFORMANCE OF AGREEMENTS REGARDING THE OPERATION OF GOVERNANCE OF UDI.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ENTERING SUMMARY JUDGMENT FOR DEFENDANTS ON PLAINTIFFS' LEGAL CLAIMS FOR DAMAGES.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT.
Appellant Betty D. Montgomery, Attorney General of Ohio, appeals from the orders of the trial court denying her motion to intervene and her motion to void the court's findings of fact and conclusions of law in the underlying case. The Attorney General raises the following errors for our review:
 I. THE TRIAL COURT ERRED IN OVERRULING THE ATTORNEY GENERAL'S MOTION TO INTERVENE (TRIAL COURT'S DECISION OF SEPTEMBER 23, 1999), FILED PURSUANT TO OHIO CIVIL RULE 24(A), BECAUSE THIS CASE INVOLVES ISSUES WITH THE EXPRESS AMBIT OF SECTION 109.25 OF THE OHIO REVISED CODE, SPECIFICALLY, (1) TERMINATION OF AN EXPRESS, RESULTING OR CONSTRUCTIVE CHARITABLE TRUST, (2) DISTRIBUTION OF CHARITABLE TRUST ASSETS, AND (3) A DETERMINATION MADE BY THE ATTORNEY GENERAL THAT INTERVENTION IS NECESSARY IN ORDER TO PROTECT THE PUBLIC INTEREST.
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT THE ATTORNEY GENERAL'S MOTION TO VOID THE TRIAL COURT'S FINDINGS OF FACT, CONCLUSIONS OF LAW, AND OPINION ISSUED ON MAY 3, 1999 (TRIAL COURT'S DECISION OF SEPTEMBER 23, 1999), BECAUSE THE COURT'S MAY 3RD DECISION, WHICH AFFECTS A CHARITABLE TRUST, IS VOID AS A MATTER OF LAW DUE TO THE FAILURE TO SERVE THE ATTORNEY GENERAL WITH PROCESS OR SUMMONS.
 PURSUANT TO SECTION 109.25 OF THE OHIO REVISED CODE, THE MAY 3RD DECISION SHOULD BE SET ASIDE UPON THE ATTORNEY GENERAL'S MOTION SEEKING SUCH RELIEF.
We will address the Attorney General's second assignment of error first because it is determinative of this appeal. In her second assignment of error, the Attorney General claims that the trial court erred in denying her motion to void the court's opinion finding in favor of defendants on plaintiffs' claims for equitable trust relief. This motion, in effect, was a motion to set aside the underlying judgment pursuant to R.C. 109.25. As the Attorney General notes, the judgement allegedly involves a constructive charitable trust.
On July 28, 1998, plaintiffs filed a complaint against defendants. In the underlying complaint, plaintiffs sought the imposition of trust remedies involving the ownership and control of University Dermatologist, Inc. (UDI).[1] On May 3, 1999, the trial court issued a non-final order finding in favor of defendants on plaintiffs' claims.
Plaintiffs failed to serve the Attorney General with summons and process in this case. On July 12, 1999, the Attorney General filed a motion to intervene as a necessary party. The Attorney General also filed a motion to void the trial court's opinion dated May 3, 1999. In an order dated September 22, 1999, the trial court entered final judgment in favor of defendants on plaintiffs' claims. The court also found in favor of plaintiffs on defendants' counterclaims. In addition, the court overruled the Attorney General's motion to intervene. Therefrom, plaintiffs and the Attorney General filed timely notices of appeal with this court.
The trial court failed to explicitly rule on the Attorney General's motion to void the judgment; however, when a trial court fails to rule upon a motion, we may presume that the trial court overruled it. See State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 223.
R.C. 109.25 provides:
 The attorney general is a necessary party to and shall be served with process or with summons by registered mail in all judicial proceedings, the object of which is to:
 (A) Terminate a charitable trust or distribute assets;
 (B) Depart from the objects or purposes of a charitable trust as the same are set forth in the instrument creating the trust, including any proceeding for the application of the doctrine of cy pres or deviation;
 (C) Construe the provisions of an instrument with respect to a charitable trust;
 (D) Determine the validity of a will having provisions for a charitable trust.
 A judgment rendered in such proceedings without service of process or summons upon the attorney general is void, unenforceable, and shall be set aside upon the attorney general's motion seeking such relief. The attorney general shall intervene in any judicial proceeding affecting a charitable trust when requested to do so by the court having jurisdiction of the proceeding, and may intervene in any judicial proceeding affecting a charitable trust when he determines that the public interest should be protected in such proceeding. (Emphasis added.)
The Attorney General asserts that the underlying judgment is void, unenforceable, and must be set aside because she never received service of process or summons in this case. In response, defendants argue: (1) a charitable trust was not at issue in the instant case because a charitable trust does not exist unless the settlor manifests an express intention to create it; (2) R.C. 109.25 does not apply to constructive or resulting trusts; and (3) the Attorney General's motion to void the judgment was untimely.
As the Attorney General notes, she also has common law powers beyond her statutory authority. See R.C. 109.24 (The powers of the attorney general under sections 109.23 to 109.33 of the Revised Code shall be in addition to and not in limitation of his powers held at common law.)
Clearly, the attorney general's common law authority * * * goes beyond the mere enforcement of express trusts where the formal elements of such a trust — manifestation of intent to create a trust, the existence of trust property, and a fiduciary relationship — are essential to its creation. Brown v. Concerned Citizens for Sickle Cell Anemia, Inc. (1978), 56 Ohio St.2d 85, 90, citing 1 Restatement of Trusts 2d, at pages 6-12, Section 2; and 2 Restatement of Trusts 2d 210, Section 348. The Attorney General, in seeking to protect the public interest, may also bring suit to impose a constructive trust. Brown, at 91, citing Restatement of Restitution 640, 688, at Sections 160 and 169 (Comment c).
A constructive trust, although not a formal trust at all, serves as a means to prevent the unjust enrichment. Brown, at 91, citing R.C. Chapter 1716. For this court to hold that the attorney general can only enforce express charitable trusts would greatly hamper his ability to carry out his statutory and common law duties. Brown, at 91 (emphasis added).
With regard to the timeliness of the motion, this Court noted in Uncrop v. Klein (Apr. 24, 1997), Cuyahoga App. No. 71117, unreported:
 * * * In light of the fact that R.C. 109.25 gives the Attorney General an absolute right to set aside the judgment obtained without service of process or summons to that office, and imposes no time limitations, we are unprepared to hold that the motion was untimely as a matter of law.
Based upon the foregoing, we hold that the trial court erred in denying the Attorney General's motion to set aside the judgment. Pursuant to R.C. 109.25(D), the subject judgment is void, unenforceable, and must be set aside because the Attorney General never received service of process or summons in the underlying case. Thus, the judgment of the trial court must be reversed in totoand remanded for new proceedings in which the Attorney General
is afforded an opportunity to participate. We decline to give an advisory opinion on the merits of plaintiffs' claims which, because the underlying judgment is void, remain to be litigated by the parties.
Our disposition of the Attorney General's second assignment of error renders the remaining assignments of error moot. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellants recover of appellees their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ LEO M. SPELLACY, JUDGE
PATRICIA A. BLACKMON, J. CONCURS; ANN DYKE, ADM.J. DISSENTS (See Dissenting Opinion Attached).
[1] Since its inception in 1979, UDI has been operated as a faculty practice plan for the faculty members of the dermatology department of Case Western Reserve University/University Hospitals of Cleveland. The faculty members practiced medicine at UDI, and UDI became a successful practice. UDI provided clinical and financial support to the dermatology department's academic and research programs.