OPINION
Plaintiff-appellant Douglas Jewell appeals from a summary judgment rendered against him and in favor of defendants-appellees Lee Underwood, Psy. D., and Kathryn LeVesconte, Psy.D., with respect to Jewell's fraud claims against Underwood and LeVesconte. Jewell argues that the trial court erred in characterizing his fraud claims as actually being claims sounding in malpractice, and finding that those "malpractice" claims were time-barred by the one-year statute of limitations set forth in R.C.2305.113(A).
We conclude that the trial court did err in characterizing Jewell's fraud claims against Underwood and LeVesconte as malpractice claims, and finding them time-barred by the one-year statute of limitations. However, we also conclude that the grant of summary judgment against Jewell was nevertheless correct, because Jewell failed to establish the existence of a triable issue of fact regarding: (1) the element of reliance with respect to his fraud claim against Underwood; and (2) the element of misrepresentation with respect to his fraud claim against LeVesconte. Accordingly, the judgment of the trial court will beAffirmed, though on grounds different from the one cited by the trial court.
 I
In January, 1996, Jewell filed for divorce from his first wife Beth. During the course of the divorce proceedings, Jewell's attorney, Paul Barrett, informed him that he and his wife would need to undergo psychological evaluation for purposes of determining who should have custody of their children. Barrett recommended that Layh Associates perform the evaluation.
In early March, 1996, Jewell met with Dr. Lee Underwood of Layh 
Associates. Later that month, Jewell learned that Underwood had issued a report on March 21, 1996, recommending that Jewell's wife should have full custody of their children. Upset by Underwood's report, Jewell insisted that a second psychological evaluation of the parties be performed. Consequently, Dr. Kathryn LeVesconte of Layh Associates conducted a psychological evaluation of both parties. On July 22, 1996, LeVesconte issued a report recommending that Jewell be awarded custody of the parties' children. Three days later, LeVesconte issued an addendum to her earlier report, stating that if "appropriate safeguards and supports were in place," shared parenting would be in the best interest of the parties' children. The parties subsequently agreed to use LeVesconte to mediate any disputes that arose from their shared parenting arrangement.
In May, 1999, Jewell filed a complaint alleging that Underwood had committed fraud against him by falsely representing in his March 21, 1996 custody evaluation report that he had performed "certain testing" with respect to Jewell's parenting abilities, and that LeVesconte had committed fraud against him by falsely representing that she was a "trained mediator" who could ably provide mediation services relative to Jewell's custody dispute with his ex wife.[1]
In April, 2000, Underwood and LeVesconte moved for summary judgment, arguing that Jewell could not establish against them each element necessary to prevail on a cause of action for fraud. Specifically, the defendants asserted that Jewell could not prove, among other things, that he had justifiably relied on Underwood's alleged misrepresentation that he had administered certain tests in preparing his custody evaluation, or that LeVesconte had misrepresented that she was a trained mediator. Jewell filed a response to the defendants' motion in May, 2000.
On June 14, 2000, the trial court issued a decision granting defendants' motion for summary judgment on the ground that Jewell's claims against Underwood and LeVesconte essentially stated claims for malpractice, rather than fraud, and were therefore governed by the one-year statute of limitations period set forth in R.C. 2305.113(A), which had expired by the time Jewell filed his complaint.
Jewell appeals from the summary judgment rendered against him.
 II
Jewell's sole assignment of error states:
 THE TRIAL COURT ERRED IN CONSTRUING PLAINTIFF'S ACTION AS BASED IN MALPRACTICE RATHER THAN FRAUDULENT MISCONDUCT. AS A CONSEQUENCE OF SAID ERROR, THE TRIAL COURT APPLIED THE INCORRECT STATUTE OF LIMITATIONS TO PLAINTIFF'S ACTIONS.
Jewell argues that the trial court erred in characterizing his claims as sounding in malpractice, rather than in fraud, because his claims against Underwood and LeVesconte involved allegations that the two had engaged in deliberate, intentional misconduct, not merely in negligent conduct.
Initially, we agree that the trial court erred in characterizing Jewell's claims as malpractice claims, and finding them barred by the one-year statute of limitations applicable to malpractice claims found in R.C. 2305.113(A). Jewell alleged that Underwood had falsely represented in his custody evaluation report that he had administered certain tests to him, namely, the Bricklin Child's Access to Parental Strengths questionnaire, and had observed him interact with his children. He alleged that LeVesconte had falsely represented that she was a trained mediator who could ably provide services to him with respect to his custody dispute with his ex-wife. Jewell's claims against appellees allege deliberate, intentional wrongdoing, not negligence; consequently, the trial court erred in characterizing Jewell's claims as sounding in malpractice, subject to the one-year statute of limitations period.
Nevertheless, a reviewing court cannot reverse a correct judgment simply because erroneous reasons have been assigned as a basis therefor.State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 222. Here, appellees moved for summary judgment on the basis that Jewell could not establish against either of them each of the elements necessary in order to prevail on a fraud claim. Jewell had both the opportunity and obligation to respond to appellees' arguments and, in fact, did so.
Because appellate review of a summary judgment is de novo, the standard applied by appellate courts, like that for trial courts, derives from Civ.R. 56. Nilavar v. Osborn (1998), 127 Ohio App.3d 1, 10. In order to prevail on a summary judgment motion, the moving party must show that: (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the non-moving party, who is entitled to have the evidence viewed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64; Civ.R.56(C).
In order to prevail on a common-law fraud claim, a plaintiff must prove all of the following elements:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
(b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
(f) a resulting injury proximately caused by the reliance.
Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49, citing Burr v. StarkCty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
Jewell alleged that Underwood committed fraud against him by representing in his custody evaluation report that he had administered the Bricklin test to him and had seen him interact with his children when, in fact, he had not. Underwood responds by arguing that Jewell cannot prove, among other things, that he justifiably relied on these alleged misrepresentations. We agree.
When Jewell read Underwood's custody evaluation report recommending that his former wife be granted custody of the parties' children, he demanded that a second custody evaluation be performed by Layh 
Associates. Layh Associates appointed LeVesconte to perform the second evaluation free of charge. LeVesconte administered the Bricklin to Jewell and observed him interact with his children. She then wrote a custody evaluation recommending that Jewell be given custody of the parties' children. She later amended her evaluation, recommending that the parties engage in shared parenting of their children. Jewell has never expressed any dissatisfaction with LeVesonte's custody evaluation. Furthermore, there is no evidence that the trial court relied on Underwood's custody evaluation in ruling on the custody issue. Consequently, Jewell has failed to demonstrate the existence of a triable issue of fact regarding whether he "justifiably relied" on Underwood's alleged misrepresentations in his custody evaluation report; the evidence in the record shows that he did not rely on Underwood's representations at all.
Jewell alleged that LeVesconte had committed fraud against him by falsely representing that "she was trained as a mediator and that she could ably provide mediation services to Plaintiff and his ex-wife relative to their custody dispute." Jewell acknowledges that LeVesconte did not make an actual representation that she was a trained mediator. Jewell argues, however, that by accepting the position, LeVesconte implicitly held herself out as being a trained mediator.
In her affidavit attached to appellees' motion for summary judgment, LeVesconte stated that she had made Jewell's and his ex-wife's attorneys aware that she was not a trained divorce mediator. Jewell did not place any evidence in the record to rebut this assertion. A client is bound by his attorney's notice or knowledge of facts acquired in and during the transaction for which the attorney has been engaged. Nickschinski v.Sentry Ins. Co. (1993), 88 Ohio App.3d 185, 192-193, citing Gerl Constr.Co. v. Medina Cty. Bd. of Commrs. (1985), 24 Ohio App.3d 59, 66. Therefore, Jewell is bound by his attorney's knowledge that LeVesconte was not trained with respect to mediating issues that may arise between divorced couples, and cannot now claim that LeVesconte implicitly misrepresented that she was.
Accordingly, Jewell's sole assignment of error is overruled.
 III
Jewell's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
[1] Jewell also alleged in his complaint that LeVesconte falsely represented "that she was familiar with the significant elements of the relevant and well-known professional standards for performing parenting evaluative services and that she possessed sufficient education, training and experience for the offering of said services." However, Jewell testified at his deposition that his claim does not "have anything to do" with LeVesconte's "custodial evaluation," but deals "primarily, mainly" with her role as a mediator.