[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the motions for reconsideration, filed respectively on July 7, 2003 and July 10, 2003, by The Cincinnati Insurance Company ("Cincinnati") and appellants, Mary Ann Maltz, individually, and as administratrix of the estate of Scott D. Maltz, David Maltz, decedent's father, and Brian Maltz, decedent's brother. Both parties request this court to reconsider our June 30, 2003 decision.
 {¶ 2} The standard for reviewing a motion for reconsideration is whether the motion calls to the court's attention an obvious error in our decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been. Bd. of Commrs. of Ottawa Co. v. Marblehead (June 28, 1995), Ottawa App. No. TO-94-050, citing, Matthews v. Matthews (1981), 5 Ohio App.3d 140.
 {¶ 3} In our June 30, 2003 decision, we affirmed the trial court's decision which granted summary judgment in favor of Royal Insurance Company of America ("Royal") against appellants. In their motion for reconsideration, appellants raise an issue regarding Royals' policy language. This argument, however, was previously raised in their appellate brief and fully considered by this court. As such, we find that appellants' motion fails to call to this court's attention an obvious error in our decision and fails to raise an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been. Id. Accordingly, appellants' motion is found not well-taken and our June 30, 2002 decision, affirming summary judgment in favor of Royal, remains in effect.
 {¶ 4} With respect to Cincinnati, the trial court granted summary judgment on the basis that appellants failed to provide prompt notice of their claims for uninsured/underinsured ("UM/UIM") coverage and destroyed Cincinnati's subrogation rights, both in violation of conditions to coverage. On appeal, appellants raised in their second assignment of error that the trial court erred when it granted Cincinnati's motion for summary judgment. In our June 30, 2003, decision, we found appellant's second assignment of error well-taken and reversed the trial court's judgment. We held that, due to a change in law, see Ferrando v.Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, there were additional factors the trial court needed to consider before granting summary judgment on the basis of untimely notice and destruction of subrogation rights.
 {¶ 5} In its motion for reconsideration, Cincinnati argues that this court failed to consider additional arguments raised in its motion for summary judgment and on appeal. Specifically, Cincinnati argues that appellants are not entitled to UM/UIM coverage because they were not "insureds" under Cincinnati's policy and because there was no UM/UIM coverage owed to appellants in the underlying policies over which Cincinnati's coverage would be "excess." Having raised these arguments in the trial court and in its appellate brief, Cincinnati asserts that we should have affirmed the trial court's award of summary judgment on a different basis; rather than remand the matter to the trial court on the issues of untimely notice and destruction of subrogation rights. Cincinnati is correct that we failed to consider these additional arguments. Accordingly, insofar as appellants have called to our attention an issue for our consideration that was not considered by us when it should have been, we hereby reconsider our June 30, 2003 decision as it relates to Cincinnati. See Matthews v. Matthews (1981),5 Ohio App.3d 140.
 {¶ 6} Mary Ann Maltz, decedent's mother, was an employee of Heidtman Steel Products, Inc. ("Heidtman") at the time of the incident. Appellants sought UM/UIM coverage through United States Fidelity 
Guarantee Insurance Company ("USFG"), Heidtman's liability carrier, and Cincinnati, Heidtman's umbrella carrier.
 {¶ 7} On April 5, 2002, the trial court granted USFG summary judgment. Although USFG had conceded that appellants were insureds under the policy, pursuant to the rationale set forth in Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, the trial court held that appellants were not entitled to UM/UIM coverage due to their failure to comply with conditions of coverage. Specifically, the trial court held that appellants failed to provide USFG timely notice of their claims and thus destroyed USFG's subrogation rights, both in violation of provisions in USFG's policy. Although appellants appealed the trial court's granting of summary judgment with respect to USFG, the assignment of error concerning this judgment was dismissed by appellants. See Maltz v. Royal Ins. Co. of Am. (Apr. 30, 2003), 6th Dist. No. L-02-1095. Accordingly, the law of the case is that no UM/UIM coverage was provided to appellants pursuant to USFG's policy.
 {¶ 8} Cincinnati's UM/UIM Coverage Endorsement for Ohio, states, in part, the following:
 {¶ 9} "It is understood and agreed that the provisions of the Commercial Umbrella Coverage are amended to include:
 {¶ 10} "1. We will pay the amount you or anyone else who is provided coverage under this policy shall be legally entitled to recover as damages from the owner or operator of an Uninsured or UnderinsuredAutomobile as defined in the basic policies. * * *
 {¶ 11} "3. This coverage applies in excess of and only to the extent insurance is provided by the Basic Policies as scheduled in the Declarations and subject to all its conditions and limitations other than limit of coverage/liability and the provisions of this endorsement."
 {¶ 12} As was the situation in Scott-Pontzer, the term "you" in Cincinnati's policy refers solely to businesses and corporations. The term "you" is therefore ambiguous when used to describe who is provided UM/UIM coverage. Scott-Pontzer, supra at 664. When a corporation is the named insured, UM/UIM coverage is meaningless unless it "extends to some person or persons — including to the corporation's employees." Id. As such, construing the policy in favor of the insured, Scott-Pontzer
held that employees were entitled to UM/UIM coverage. We therefore find that pursuant to the holdings in Scott-Pontzer and Ezawa v. Yasunda FireMarine Ins. Co. of Am. (1999), 86 Ohio St.3d 557, appellants would arguably be entitled to UM/UIM coverage under Cincinnati's policy.
 {¶ 13} Cincinnati, however, argues that based on the definition of insured under the liability portion of the policy, UM/UIM coverage is limited to any employee "while acting within the scope of his duties." Because Mary Ann Maltz was not acting within the scope of her duties at the time of the accident, Cincinnati argues that appellants are not entitled to coverage. We find, however, that the liability policy inScott-Pontzer also stated that employees were insured only for acts occurring "within the scope of their employment."
 {¶ 14} Nevertheless, because the "policy contain[ed] no language requiring that employees must be acting within the scope of their employment in order to receive underinsured motorist coverage," the Ohio Supreme Court held that the injured party was entitled to UM/UIM coverage, regardless of whether he was acting within the scope of his employment. Scott-Pontzer, supra at 666. Accordingly, based on the similarity in policy language between Cincinnati's policy and the policy in Scott-Pontzer, we find that appellants would seemingly be entitled to UM/UIM coverage pursuant to Cincinnati's policy.
 {¶ 15} However, pursuant to paragraph 3 of Cincinnati's UM/UIM endorsement, we ultimately find that appellants are not entitled to UM/UIM coverage. Cincinnati's UM/UIM coverage only "applies in excess of and only to the extent insurance is provided by the Basic Policies." In this matter, the law of the case is that no UM/UIM coverage was provided to appellants pursuant to the underlying USFG policies because appellants failed to comply with certain conditions of the policies. As such, there was no UM/UIM coverage provided for by USFG's policies over which Cincinnati could provide "excess" coverage. Accordingly, we find that reasonable minds can only conclude that Cincinnati was entitled to summary judgment as a matter of law, albeit for reasons other than those given by the trial court. See State v. Dayton City School Dist.Bd. of Educ. (1994), 69 Ohio St.3d 217, 222.
 {¶ 16} We, therefore, find Cincinnati's motion for reconsideration well-taken. We hereby vacate our June 30, 2003, decision as it relates to Cincinnati and affirm the decision of the Lucas County Court of Common Pleas which granted Cincinnati summary judgment against appellants. As such, on reconsideration, appellants' second assignment of error is found not well-taken. Appellants are ordered to pay costs.