[Cite as *State Bank & Trust Co. v. Shoop*, 2015-Ohio-5310.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

The State Bank & Trust Company        Court of Appeals No. L-15-1064

       Appellee        Trial Court No. CI0201402032

v.

Melanie J. Shoop, et al.        **DECISION AND JUDGMENT**

       Appellant        Decided:  December 18, 2015

* * * * *

James A. Hammer and Maria A. Sidiq Steiner, for appellee.

Bryan D. Thomas, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Melanie Shoop, appeals from the February 24, 2015 judgment of the Lucas County Court of Common Pleas finding appellee was entitled to foreclosure of the judgment lien as a matter of law.  For the reasons which follow, we affirm.

A.  First Assignment of Error.

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON FEBRUARY 24, 2015 AS APPELLANT IS ENTITLED TO THOSE PROTECTIONS AFFORDED BY R.C. 2329.66, AS SUFFICIENT EVIDENCE HAS BEEN SUBMITTED THAT THE REAL PROPERTY IN DISPUTE IN THE INSTANT MATTER FALLS WITHIN THE CURRENT HOMESTEAD EXEMPTION AMOUNT, THAT THIS REAL PROPERTY IS HER PERSONAL RESIDENCE, AND, THUS, CAN BE HELD EXEMPT FROM SALE TO SATISFY A JUDGMENT OR ORDER.

B.  Second Assignment of Error.

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON FEBRUARY 24, 2015 AS GENUINE ISSUES OF MATERIAL FACT REMAINED WITH RESPECT TO THE SUFFICIENCY AND/OR VALIDITY OF THE AFFIDAVIT OF GREG RITCHEY, AS THE SAME FAILED TO COMPORT WITH THE REQUIREMENTS OF Civ.R. 56(E).

{¶ 2} On April 3, 2014, appellee, The State Bank & Trust Company, filed a complaint in foreclosure against appellant and other parties having an interest in the property at 2055 Cherrylawn Drive, Toledo, Ohio.  Appellee asserted in its complaint that it has a judgment lien interest in the property by virtue of a judgment rendered against

2.

appellant on January 31, 2008, which was revived on October 7, 2013, and remains unpaid. Therefore, appellee sought foreclosure of the judgment lien and sale of the property to satisfy the judgment. In its attached documentation, appellee indicated that the property was owner occupied.

{¶ 3} The case was transferred to mediation until the magistrate determined the property at issue did not appear to be appellant's residence. Appellant was ordered to provide evidence that the residence was occupied and her intentions regarding retaining or surrendering the real estate or the case would be returned to the trial docket.

{¶ 4} Approximately four months later, appellee moved for summary judgment stating that appellant had not filed any evidentiary documents. Appellee attached the affidavit of its collections and resource recovery officer, who attested that the judgment lien had not been satisfied. Appellant opposed the motion for summary judgment arguing that she was entitled to protection from foreclosure pursuant to R.C. 2329.66(A), the homestead exemption, and that appellee's affidavit was invalid or insufficient. The trial court found the judgment lien was valid and that appellee was entitled to foreclose on the lien and sale of the home to satisfy the judgment lien.

{¶ 5} On appeal, appellant argues in her first assignment of error that the trial court erred as a matter of law by granting summary judgment because there was a material question of fact as to whether the homestead exemption applies in this case.

{¶ 6} The appellate court reviews the grant of summary judgment under a de novo standard of review. *Doe v. Shaffer,* 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000),

3.

citing *Grafton v. Ohio Edison Co*., 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Applying the requirements of Civ.R. 56(C), we uphold summary judgment when it is clear

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co*., *Inc.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 7} Appellant asserts that she uses this property as her primary residence. She argues that an irrebutable presumption arose that the property is used as her primary residence when service was issued by ordinary mail to her at the Cherrylawn address.

{¶ 8} Appellee argues a different address was listed for appellant in the complaint and the Cherrylawn address was listed as the address of an unknown tenant. Appellant never objected to the addresses listed in the complaint. Furthermore, the certified mail services of the complaint at both addresses were returned unclaimed and service was made by ordinary mail on appellant at the address listed in the complaint. Finally, appellant argues that appellee failed to present any evidence that she uses the premises as her primary residence.

**{¶ 9}** Appellant was specifically directed to produce evidence that she used this property as her personal residence. Furthermore, when the issue was raised in the summary judgment motion, the burden was on appellant to produce evidence that this property was her primary residence and establish that the homestead exemption was applicable in this case. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).

**{¶ 10}** Because appellant failed to submit any evidence that the Cherrylawn address is her personal residence, we find that there was no material question of fact at issue and the trial court properly granted summary judgment in favor of appellee. Appellant's first assignment of error is not well-taken.

**{¶ 11}** In her second assignment of error, appellant argues that the affidavit of the bank employee was invalid or insufficient because it was vague and overbroad. Appellant argues that the affiant only asserted his title and did not indicate that he had personal knowledge of appellant's account. Furthermore, she argues that the affiant was not competent to testify because the affidavit does not indicate that the affiant inspected the account of appellant.

**{¶ 12}** Appellant raised this issue in her memorandum in opposition to appellee's motion for summary judgment, but the trial court did not address the issue in its judgment. Therefore, we must presume that the trial court overruled appellant's objections. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994) (citation omitted).

5.

**{¶ 13}** Pursuant to Civ.R. 56(E), an affidavit attached to a motion for summary judgment motion must: "(1) * * *be made on personal knowledge; (2) * * * set forth facts which would be admissible in evidence, and (3) * * * affirmatively show the affiant to be competent to testify to the matters stated." *First Natl. Bank of Am. v. Pendergrass*, 6th Dist. Erie No. E-08-048, 2009-Ohio-3208, ¶ 32. In the case of financial account information, it is sufficient if an affiant states that he has personal knowledge of the account because of his position, that he has access to the account, and that he actually examined the account. *Discover Bank v. Combs*, 4th Dist. Pickaway No. 11CA25, 2012-Ohio-3150, ¶ 14.

> **{¶ 14}** In this case, the affidavit stated that the affiant is the Collections & Resources Recovery Officer with Rurban Operations Center, owner of The State Bank & Trust Company. In such job position, affiant has custody of personal knowledge of the accounts of said financial institution, and specifically the account of Defendant, Melanie J. Shoop.

**{¶ 15}** Upon a review of the affidavit, we find that while there was an obvious typographical error, the affiant did indicate his position with the bank, that he had personal knowledge of the account, and that he specifically had knowledge of appellant's account. Therefore, we find appellant's second assignment of error not well-taken.

6.

**{¶ 16}** Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
JUDGE

James D. Jensen, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.