[Cite as *IntraSee v. Ludwig*, 2012-Ohio-2684.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

INTRASEE, INC.

    Appellant

    v.

STACI LUDWIG

    Appellee

C.A. Nos.    10CA009916
                11CA010024

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CV169714

DECISION AND JOURNAL ENTRY

Dated: June 18, 2012

---

WHITMORE, Presiding Judge.

{¶1} Plaintiff-Appellant, IntraSee, Inc. ("IntraSee"), appeals from the judgment of the Lorain County Court of Common Pleas, dismissing its claim for lack for personal jurisdiction. We reverse.

I

{¶2} IntraSee is an Ohio corporation with its principal place of business in Westlake. It maintains one other office in the Chicago area. IntraSee's employees live and work throughout the country.

{¶3} Defendant-Appellee, Staci Ludwig, a Minnesota resident, entered into an employment contract with IntraSee in August 2006. The at-will employment contract contained a choice of law and a forum selection clause. These provisions required all disputes to be resolved under Ohio law in Lorain County, Ohio. Ludwig's job duties required her to travel to customer locations throughout the country. Ludwig resigned from her position in July 2010.

{¶4}    In October 2010, IntraSee filed a complaint against Ludwig in the Lorain County Court of Common Pleas.  The complaint alleged, among other things, a breach of contract.  After a hearing, the trial court dismissed the complaint for lack of personal jurisdiction over Ludwig.  The court found the forum selection clause to be unenforceable.  IntraSee filed an immediate appeal, and shortly thereafter filed a motion for relief from judgment in the trial court.

{¶5}    This Court remanded for the trial court to rule on IntraSee's motion for relief from judgment.  After a hearing, the trial court denied IntraSee's motion.  The trial court also denied, without a hearing, IntraSee's request to supplement its motion for relief from judgment.  IntraSee timely appealed and the appeals were consolidated.  IntraSee raises three assignments of error for our review.  To facilitate the analysis, we consolidate the second and third assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE PERSONAL JURISDICTION CLAUSE IN MS. LUDWIG'S EMPLOYMENT AGREEMENT AND DISMISSING INTRASEE'S CLAIM PURSUANT TO CIVIL RULE 12(B)(2) DUE TO LACK OF PERSONAL JURISDICTION OVER MS. LUDWIG.

{¶6}    In its first assignment of error, IntraSee argues that the trial court erred in dismissing its claim for lack of personal jurisdiction over Ludwig.  Specifically, IntraSee argues that the court erred in refusing to enforce the forum selection clause in Ludwig's employment agreement.  We agree.

{¶7}    "This Court reviews a trial court's decision to grant a motion to dismiss de novo." *El UK Holdings, Inc. v. Cinergy UK, Inc.*, 9th Dist. No. 22326, 2005-Ohio-1271, ¶ 11.  The outcome of this appeal turns on the validity of the forum selection clause in Ludwig's at-will employment contract.  "If the terms of a contract are clear and unambiguous, then their

interpretation is a question of law. Questions of law are reviewed by an appellate court de novo." (Internal citations and quotations omitted.) *Renacci v. Evans*, 9th Dist. No. 09CA0004-M, 2009-Ohio-5154, ¶ 13.

> [Generally, t]he determination of whether a state court has personal jurisdiction over a nonresident is a two-step process. First, the court must look to the words of the state's "long-arm statute" or applicable civil rule to determine whether, under the facts of the particular case, jurisdiction lies. If it does, the court must decide whether the assertion of jurisdiction deprives the nonresident defendant of due process of law.

*Fallang v. Hickey*, 40 Ohio St.3d 106, 107 (1988). A person may consent to personal jurisdiction, however, thereby waiving his or her due process rights. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), fn. 14; *Kennecorp Mrge. Brokers, Inc., v. Country Club Convalescent*, 66 Ohio St.3d 173, 175-176 (1993). One way litigants may consent to personal jurisdiction of a particular court system is through a valid forum selection clause. *See id.*; *Preferred Capital Inc. v. Power Eng. Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, ¶ 6.

{¶8} In Ohio, it is well settled law that "absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." *Kennecorp Mrge. Brokers, Inc.* at 176. The law regarding forum selection clauses in employment contracts is less settled. Ludwig argues that forum selection clauses in at-will employment contracts are not enforceable. In reviewing cases, however, we cannot conclude that forum selection clauses in employment contracts are never enforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991) (concluding that a nonnegotiated forum-selection clause in a contract between parties of unequal bargaining power may still be enforceable). We are persuaded by the rationale in *Buckeye Check Cashing of Arizona, Inc. v. Lang*, S.D.Ohio No. 2:06-CV-792, 2007 WL 641824 (Feb. 23, 2007), and adopt the test it sets forth.

> A forum selection clause is [ ] valid, and will be enforced by the forum unless the party challenging the clause shows: (1) that the contract was the result of fraud or overreaching; (2) that the enforcement would violate strong public policy of the forum state; and (3) that enforcement under the particular circumstances of the case would result in litigation in a jurisdiction so unreasonable, difficult and inconvenient that the challenger would for all practical purposes be deprived of his day in court.

*Id.* at *5, citing *Barrett v. Picker Int'l, Inc.*, 68 Ohio App.3d 820, 824 (8th Dist.1990) (adopting the test stated in *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-12 (1972), which the Court applied to a contract between two commercial parties).

Fraud and Overreaching

{¶9} "To invalidate a forum-selection clause based on fraud, it must be established that the fraud relates directly to the negotiation or agreement as to the forum-selection clause itself, and not the contract in general." *Preferred Capital, Inc. v. Ferris Bros., Inc.*, 167 Ohio App.3d 653, 2005-Ohio-6221, ¶ 6 (9th Dist.), *rev'd on other grounds*, 112 Ohio St.3d 503 (2007). *See also Four Seasons Ents. v. Tommel Fin. Servs. Inc.*, 8th Dist. No. 77248, 2000 WL 1679456, *2 (Nov. 9, 2000); *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1138 (6th Cir.1991).

{¶10} After a hearing, the trial court found that there was no evidence of fraud. Having reviewed the record, we agree. Ludwig never argued that the forum selection clause (or even the employment agreement in general) was the product of fraud.

{¶11} Ludwig does argue, however, that the forum selection clause is unenforceable because of the unequal bargaining power of the parties. "Overreaching is defined as the act or an instance of taking unfair commercial advantage of another." (Internal citations omitted.) *Buckeye Check Cashing of Arizona, Inc.*, 2007 WL 641824, at *5. "The unequal bargaining power of the parties or lack of ability to negotiate over the clause cannot, in itself, support a finding of overreaching. *See Carnival Cruise Lines, Inc.*, 499 U.S. at 593. However,

overreaching may be found if the disparity in bargaining power was used to take unfair advantage of the employee." *Buckeye Check Cashing of Arizona, Inc.* at *5.

{¶12} In *Buckeye Check Cashing of Arizona, Inc.*, the employer was an Ohio corporation doing all of its business in the state of Arizona. *Id.* at *7. The nonnegotiable employment agreement drafted by the employer included a forum selection clause, which required all disputes to be resolved in Franklin County, Ohio. The employer failed to inform the defendant employees of this forum selection clause until after the defendants had already terminated their previous employment and had begun working for the plaintiff. *Id.* The court found the lack of business purpose in selecting Ohio as its forum and the delay in notifying the employees of the forum selection clause made the clause unenforceable because of overreaching. *Id.*

{¶13} After a hearing, the trial court here found that there was no evidence of overreaching. Having reviewed the record, we agree. IntraSee is an Ohio close corporation whose operations are decentralized and whose principal place of business is in Westlake, Ohio. IntraSee has one other office in the Chicago area and maintains employees throughout the country. Unlike *Buckeye Check Cashing of Arizona, Inc.*, IntraSee does not conduct business in only one state. The most central location of IntraSee's business appears to be its Westlake, Ohio office from which it processes payroll. It cannot be said, therefore, that IntraSee took unfair advantage of Ludwig by choosing Ohio as its selected forum.

{¶14} The forum selection clause is not unenforceable because of fraud or overreaching.

Public Policy

{¶15} A court may refuse to enforce a forum selection clause if enforcement would violate strong public policy in Ohio. "Undeniably, the state of Ohio has an interest in providing

a local forum for its residents * * *." *Barrett*, 68 Ohio App.3d at 824. IntraSee is an Ohio corporation with its principal office in Westlake, Ohio. Enforcing the forum selection clause in Ludwig's employment agreement would not violate, but would instead promote, public policy in Ohio.

Unreasonable and Unfair

**{¶16}** The crux of Ludwig's argument is that it would be unreasonable and unfair to require her to come to Ohio to defend a lawsuit. In particular, Ludwig relies heavily on her argument that she has never had any contacts with the state of Ohio. Assuming this to be true, it, by itself, does not support the conclusion that it would be unreasonable to enforce the forum selection clause. To conclude otherwise would effectively hold that due process rights are not waivable. This is contrary to well established law. *See Burger King Corp.*, 471 U.S. at 472, fn. 14; *Kennecorp Mrge. Brokers, Inc.*, 66 Ohio St.3d at 175-176.

> In determining whether the selected forum is sufficiently unreasonable[, difficult or inconvenient that the challenger would for all practical purposes be deprived of his day in court], Ohio courts consider the following factors: (1) which law controls the contractual dispute; (2) the residency of the parties; (3) where the contract was executed; (4) where the witnesses and parties to the litigation are located; and (5) whether the forum clause's designated location is inconvenient to the parties.

*Buckeye Check Cashing of Arizona, Inc.*, 2007 WL 641824, at *7.

**{¶17}** The first factor we consider is which law controls the dispute. According to section 9.2 of Ludwig's employment contract, "Ohio's laws shall govern all disputes, controversies, matters of interpretation, and litigation arising hereunder." Because there is no evidence that the contract is invalid, we conclude that Ohio law controls this dispute. Assuming this provision is valid and enforceable, there has been no argument made that Minnesota would not apply Ohio law. Because IntraSee would be receiving the benefit of its choice of law even if

the forum selection clause was found to be unenforceable, this factor does not weigh heavily into our analysis. *See Buckeye Check Cashing of Arizona, Inc.* at *8.

{¶18} The second and third factors we consider are the residency of the parties and the location in which the contract was executed. Ludwig resides in Minnesota and IntraSee's principal office is in Westlake, Ohio. Residency has not changed for either party since the contract was executed in 2006. Ludwig signed her employment contract in Minnesota and faxed it to IntraSee in Ohio, where it was signed by the company. Because the residency of the parties and the location in which the contract was executed span two jurisdictions, these factors do not weigh heavily into our analysis. *Compare Buckeye Check Cashing of Arizona, Inc.* at *8 (concluding that the Ohio forum selection clause was not enforceable, in part, because all parties were residents of Arizona).

{¶19} The fourth factor we consider is where the witnesses and parties to the litigation are located. The parties are located in both Ohio and Minnesota. Beyond the parties, it is unclear what witnesses would need to be called to testify. IntraSee's initial complaint contained three causes of action, all related to Ludwig's alleged conduct with Cappella University, a Minnesota IntraSee customer. This factor, therefore, weighs slightly in favor of finding the forum selection clause unreasonable.

{¶20} The fifth, and final, factor we consider is whether the forum clause's designated location is inconvenient to the parties. "Under this step of the analysis, courts are to determine whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus depriving litigants of their day in court." (Internal citations omitted.) *Info. Leasing Corp. v. Jaskot*, 151 Ohio App.3d 546, 2003-Ohio-566, ¶ 18 (1st Dist.). "Mere distance, mere expense,

or mere hardship to an individual litigant is insufficient to invalidate a forum selection clause." *Buckeye Check Cashing of Arizona, Inc.* at \*7.

{¶21} The trial court conducted a hearing to determine whether the court had personal jurisdiction over Ludwig. The trial court concluded that, while not directly on point, *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, controlled the analysis of whether a forum selection clause was enforceable. We agree with the trial court that *Preferred Capital, Inc.* is not directly on point. *Preferred Capital, Inc.* dealt with two commercial parties and a floating forum selection clause, neither of which are at issue in this case. However, the Court's analysis in *Preferred Capital, Inc.* does provide some guidance as to what is unreasonable. In finding floating forum clauses unreasonable the Court focused on the fact that such clauses do not provide a contracting party notice of where he or she may be forced to defend against a lawsuit. *Id*. at ¶ 12. (held that a floating forum selection clause is unreasonable "because even a careful reading of the clause by a signatory would not answer the question of where he may be forced to defend or assert his contractual rights"). Ludwig's contract provided notice of where she may be forced to defend or assert her contractual rights. *See Bremen*, 407 U.S. at 17-18 ("Whatever 'inconvenience' [the defendant] would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting."). The first page of Ludwig's contract identifies IntraSee as an Ohio corporation, and "offers to employ Employee as an 'employee-at-will' under Ohio law and Employee accepts such employment with Corporation." IntraSee's principal place of business is in Westlake, Ohio where it processes payroll. Moreover, Ludwig was a resident of Minnesota at the time she entered into the employment contract. It is reasonable to conclude that Ludwig was on notice that she could be hailed from Minnesota into an Ohio court to defend against a lawsuit.

{¶22} Ludwig consented to personal jurisdiction by signing the employment contract. It is not unreasonable or unjust for the court to enforce that contract. The trial court erred by dismissing IntraSee's complaint for lack of jurisdiction. IntraSee's first assignment of error is sustained.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN DENYING INTRASEE'S MOTION FOR RELIEF FROM JUDGMENT.

Assignment of Error Number Three

THE TRIAL COURT ERRED IN DENYING THE SUPPLEMENT TO INTRASEE'S MOTION FOR RELIEF FROM JUDGMENT.

{¶23} Given our resolution of IntraSee's first assignment of error, its second and third assignments of error are moot, and we decline to address them. App.R. 12(A)(1)(c).

III

{¶24} IntraSee's first assignment of error is sustained and its second and third assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT


CARR, J.
CONCURS IN JUDGMENT ONLY.

BELFANCE, J.
DISSENTING.

{¶25} I respectfully dissent, as I would conclude that the trial court correctly found that the forum-selection clause at issue was invalid and that IntraSee was not entitled to relief from judgment.

{¶26} I am not persuaded that the test applied by the Southern District of Ohio in *Buckeye Check Cashing of Arizona, Inc. v. Lang*, S.D. Ohio No. 2:06-CV-792, 2007 WL 641824 (Feb. 23, 2007) is the appropriate test to apply to the facts of this case. *Lang* utilizes a mixture of federal and Ohio law in its analysis. *See id.* at \*4-\*8. However, subsequent to *Lang*, even

federal courts have begun to acknowledge the differences between federal law and Ohio law in the area of forum-selection clauses and personal jurisdiction. *See, e.g., Wong v. PartyGaming, Ltd.,* 589 F.3d 821, 826-827 (6th Cir.2009) ("[A] review of recent state cases reveals the possible emergence of differences in how state and federal law treat the enforcement of forum selection clauses. * * * Specifically, Ohio courts have held that forum selection clauses are less readily enforceable against consumers, which is a distinction that federal courts do not recognize.").

{¶27} Thus, I do not believe it is appropriate to rely on federal case law in deciding this matter. This is particularly so when the Ohio Supreme Court has outlined a test to determine the validity of a forum-selection clause. *See Preferred Capital, Inc. v. Power Eng. Group, Inc.,* 112 Ohio St.3d 429, 2007-Ohio-257, ¶ 7. While *Preferred Capital* dealt with a floating forum-selection clause and with commercial parties, the test it articulated was clearly not designed to be limited to those situations. *See id.* The three-pronged test asks the following: "(1) Are both parties to the contract commercial entities? (2) Is there evidence of fraud or overreaching? (3) Would enforcement of the clause be unreasonable and unjust?" *Id.,* citing *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.,* 66 Ohio St.3d 173 (1993), syllabus.

{¶28} Applying the test to the facts of the instant matter, I would conclude that the trial court did not err in its determination that the forum-selection clause was invalid. Numerous facts support this conclusion. Importantly, this case does not involve two commercial entities; instead, it involves an employer and employee relationship, which involves inherently unequal bargaining power. Moreover, from the limited record, it appears that the majority of the evidence and witnesses in this matter would be located in Minnesota; for instance, both Ms. Ludwig and the other company that IntraSee asserts is implicated in this litigation are located in Minnesota. In addition, none of the allegations in the complaint concern actions in Ohio or

assert that Ms. Ludwig was ever in Ohio. There was no evidence before the trial court, prior to its initial ruling, that Ms. Ludwig worked in Ohio. Instead, the evidence supported the conclusion that Ms. Ludwig lived and worked in Minnesota and even signed the contract at issue there. Moreover, unlike the clause in *Preferred Capital*, the clause in the instant matter was in the same sized font as the rest of the document and was buried in the midst of the document. *See Preferred Capital* at ¶ 9. Absent a careful reading, it would be easy to miss the clause entirely. Thus, utilizing the test outlined in *Preferred Capital*, I would conclude that the trial court did not err in its determination that the forum-selection clause was invalid. Further, because the forum-selection clause was the sole basis upon which IntraSee asserted the trial court had personal jurisdiction, I likewise conclude the trial court properly found that it lacked personal jurisdiction over the matter.

{¶29} Finally, I would conclude that IntraSee's argument that the trial court erred in denying its motion for relief from judgment is without merit. IntraSee sought relief pursuant to Civ.R. 60(B)(2), which states that, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)[.]" Assuming without deciding that Civ.R. 60(B)(2) is applicable following a motion to dismiss, IntraSee failed to demonstrate that the information it discovered could not have been discovered prior to the trial court's ruling if it had exercised due diligence. At the hearing on IntraSee's Civ.R. 60(B) motion, Paul Insherwood from IntraSee testified that he came upon the allegedly newly discovered evidence by chance. The logical conclusion to be made from Mr. Isherwood's testimony is that IntraSee did not exercise due diligence. There is nothing to suggest, that if

IntraSee had exercised due diligence, it would not have been able to discover the evidence prior to the trial court's ruling. Accordingly, I would conclude the trial court did not err in denying IntraSee's Civ.R. 60(B) motion.

APPEARANCES:

RICHARD C. HABER and DANIEL M. CONNELL, Attorneys at Law, for Appellant.

MICHAEL P. HARVEY, Attorney at Law, for Appellee.