[Cite as *Faraschuk v. Clingaman*, 2013-Ohio-4636.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

APRIL L. FARASCHUK,
fka CLINGAMAN,

      PLAINTIFF-APPELLANT,               CASE NO.  4-13-03

      v.

KELLY A. CLINGAMAN,               O P I N I O N

      DEFENDANT-APPELLEE.

Appeal from Defiance County Common Pleas Court
Trial Court No. 12-CV-42001

**Judgment Affirmed**

Date of Decision:   October 21, 2013

APPEARANCES:

    *James E. Hitchcock* for Appellant

    *Daniel R. Michel*  for Appellee

Case No. 4-13-03

**ROGERS, J.**

**{¶1}** Plaintiff-Appellant, April Faraschuk, appeals the judgment of the Court of Common Pleas of Defiance County granting summary judgment in favor of Defendant-Appellee, Kelly Clingaman. On appeal, Faraschuk argues that the trial court erred by (1) finding that it lacked jurisdiction in this matter; (2) finding that she was untimely in seeking a share of Clingaman's military pension; (3) finding that the doctrine of laches barred her claim; and (4) failing to give full faith and credit to a California court order regarding the division of Clingaman's military pension. For the reasons that follow, we affirm the trial court's judgment.

**{¶2}** The parties were married from 1989 to 2000. During the course of the marriage, Clingaman was employed in the United States Navy. The parties obtained a divorce decree on July 14, 2000 from a California state court. The decree included a "partial stipulated judgment," which states, in pertinent part, as follows:

> 5. [Clingaman] is a resident of Ohio for purposes of his military retirement pay. The court shall have no jurisdiction over [Clingaman]'s military retirement pay pursuant to the provisions of the <u>Uniformed Services Former Spouses' Protection Act</u> and <u>Marriage of Tucker</u> ((1991) 226 Cal.App.3d 1249, 1257, 277 Cal. Rptr. 403). [Faraschuk] acknowledges this lack of jurisdiction.

(Docket No. 1, "Partial Stipulated Judgment," p. 2).

**{¶3}** On July 23, 2012, Faraschuk filed a complaint in the Court of Common Pleas of Defiance County, Ohio, seeking a qualified domestic relations

-2-

order that equally divided Clingaman's military pension between the parties. On December 14, 2012, Clingaman, with leave of the trial court, filed a motion to dismiss the complaint. In the motion, Clingaman contended that the trial court lacked jurisdiction. To support the motion, Clingaman attached an affidavit in which he attested that he changed his "home of record" with the military from Defiance, Ohio to Racine, Wisconsin on June 15, 2006. Clingaman also attested that the parties had never resided in Ohio during the course of their marriage and that Faraschuk had never resided in the state.

{¶4} On February 22, 2013, the trial court issued a ruling converting Clingaman's motion to dismiss into a motion for summary judgment since it implicated evidentiary material outside of the complaint.

{¶5} On March 19, 2013, Clingaman filed an additional brief in support of his motion. He attached a copy of his Virginia driver's license to the brief. Clingaman also attached another affidavit in which he attested that his "home of record" was Racine, Wisconsin from June 2006 to September 2007, when he changed it to Springfield, Virginia.

{¶6} On March 21, 2013, Faraschuk filed a "supplemental affidavit" in opposition to Clingaman's motion. In it, she attested that she initiated proceedings in 2009 to obtain her purported share of Clingaman's military pension. The proceedings occurred in California state court. According to the June 23, 2009

court order attached to Faraschuk's affidavit, the California court refused to grant one-half of Clingaman's pension to Faraschuk. The basis for the California court's order was that it did not have jurisdiction over Clingaman's military pension.

{¶7} On April 23, 2013, the trial court granted summary judgment in favor of Clingaman. The trial court found that it lacked personal jurisdiction over Clingaman under Civ.R. 4.3(A)(8). It also found that it lacked subject matter jurisdiction under 10 U.S.C. 1408. Moreover, the trial court stated that even if proper jurisdiction existed, Faraschuk's claim was still barred by the doctrine of laches since she sat on her rights for 12 years without a legitimate excuse.

{¶8} Faraschuk timely appealed this judgment, presenting the following assignments of error for our review.

### *Assignment of Error No. I*

**THE TRIAL COURT ERRED IN DETERMINING OHIO DID NOT HAVE JURISDICTION.**

### *Assignment of Error No. II*

**THE TRIAL COURT ERRED WHEN IT DETERMINED APRIL FARASCHUK DID NOT TRY AND RESOLVE THE PENSION ISSUE FOR 14 YEARS.[1]**

---

[1] Faraschuk's second assignment of error identifies the trial court as finding that she did not try to resolve the pension issue for 14 years. Meanwhile, the body of her brief identifies the trial court as finding that she did not resolve the pension issue for 13 years. However, the trial court's judgment entry granting summary judgment plainly states that it found that Faraschuk failed to resolve the issue for 12 years.

*Assignment of Error No. III*

**THE TRIAL COURT ERRED IN DETERMINING THAT THE PLAINTIFF WAS BARRED BY THE DOCTRINE OF LATCHES [SIC].**

*Assignment of Error No. IV*

**THE TRIAL COURT FAILED TO GIVE FULL FAITH AND CREDIT TO A CALIFORNIA ORDER.**

*Assignment of Error No. I*

**{¶9}** In her first assignment of error, Faraschuk argues that the trial court erred in granting summary judgment on the basis that it lacked jurisdiction in this matter. Specifically, she argues that the trial court had personal jurisdiction over Clingaman because the parties' divorce decree purportedly includes a forum selection clause in which Clingaman consented to jurisdiction in Ohio.[2] We disagree.

*Summary Judgment Standard*

**{¶10}** An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist. 1999). Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as

---

[2] Faraschuk also argues that the trial court had subject matter jurisdiction here pursuant to R.C. 3105.0171(A)(3)(a). We need not address this argument due to our finding that the trial court properly found that it lacked personal jurisdiction over Clingaman. *See Beegle v. Beegle*, 10th Dist. Franklin No. 07AP-24, 2007-Ohio-4314, ¶ 26 ("[B]ecause both personal and subject matter jurisdiction are required in order for a court to modify the child support order, appellant's remaining arguments and assignments of error are rendered moot and we need not address the same.").

the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222 (1994). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In conducting this analysis the court must determine "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." *Id*. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

**{¶11}** The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id*. at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. *Id*.; Civ.R. 56(E).

*Personal Jurisdiction and Consent*

{¶12} When assessing the existence of personal jurisdiction over a non-resident defendant like Clingaman, we must consider both the directives of state law, as found in R.C. 2307.382 and Civ.R. 4.3, and the due process dictates of the United States Constitution. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 233, fn. 1 (1994). As such, "the existence of personal jurisdiction over a nonresident defendant depends on: (1) whether R.C. 2307.382, Ohio's 'long-arm' statute, and Civ.R. 4.3 confer personal jurisdiction, and if so, (2) whether the defendant has sufficient minimum contacts with Ohio to justify the existence of personal jurisdiction." *During v. Quoico*, 10th Dist. Franklin No. 11AP-735, 2012-Ohio-2990, ¶ 20. This matter specifically implicates Civ.R. 4.3(A)(8),[3] which provides, in pertinent part, as follows:

> Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident in this state * * *. "Person" includes an individual * * * who * * * has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
>
> * * *
>
> (8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising from spousal support, custody, child support, or property settlement, if the other party to the martial relationship continues to reside in this state[.]

---

[3] R.C. 2307.382(A) does not have a provision regarding personal jurisdiction in divorce and post-divorce proceedings. As such, we only need to consider the dictates of Civ.R. 4.3(A). *During* at ¶ 23, fn. 2.

In applying these guiding principles, we must resolve the overarching issue of "whether the nonresident defendant lived in a marital relationship within the state to an extent sufficient to satisfy the minimum-contacts requirement of constitutional due process." *Fraiberg v. Cuyahoga Cnty. Court of Common Pleas, Domestic Relations Div.*, 76 Ohio St.3d 374, 377-78 (1996).

**{¶13}** Faraschuk has not argued that the provisions of Civ.R. 4.3(A)(8) apply in this matter. Indeed, the rule clearly does not apply. The parties were never domiciled or resided in this state during the course of their marriage. Moreover, Faraschuk has never resided in Ohio and Clingaman has not listed Ohio as his "home of record" with the military since June 2006. In light of these facts, we find that Ohio courts, including the Court of Common Pleas of Defiance County, do not have personal jurisdiction over Clingaman pursuant to Civ.R. 4.3(A)(8).

**{¶14}** Even if the provisions of Civ.R. 4.3 do not apply, an Ohio tribunal may still exercise personal jurisdiction over a nonresident defendant if he or she consents to it. *E.g.*, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099 (1982); *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, ¶ 6. Such consent is often found where a contract between the parties includes a forum selection clause that identifies an Ohio tribunal as the proper forum for the litigation of

disputes between the parties. *See IntraSee v. Ludwig*, 9th Dist. Lorain Nos. 10CA009916, 11CA010024, 2012-Ohio-2684, ¶ 7 ("One way litigants may consent to personal jurisdiction of a particular court system is through a valid forum selection clause."). When considering a purported forum selection clause, we must remember that "[t]he fundamental purpose of contract interpretation is to determine and carry out the intention of the parties," which is presumably contained in the language of the agreement. *Heritage Court, LLC v. Merritt*, 187 Ohio App.3d 117, 2010-Ohio-1711, ¶ 14 (3d Dist.).

{¶15} Faraschuk has identified the following provision of the parties' divorce decree as a forum selection clause:

> 5. [Clingaman] is a resident of Ohio for purposes of his military retirement pay. The court shall have no jurisdiction over [Clingaman]'s military retirement pay pursuant to the provisions of the <u>Uniformed Services Former Spouses' Protection Act</u> and <u>Marriage of Tucker</u> ((1991) 226 Cal.App.3d 1249, 1257, 277 Cal. Rptr. 403). [Faraschuk] acknowledges this lack of jurisdiction.

(Docket No. 1, "Partial Stipulated Judgment," p. 2). This language does not indicate that the parties agreed to bring all disputes regarding Clingaman's military pension in Ohio tribunals. The provision in the decree merely indicates that at the time of the divorce, Clingaman was an Ohio resident, which precluded the California court from exercising jurisdiction over his military pension. There is no reference to future litigation and the proper forum for such disputes. Based on this language, it would contravene the clear intention of the parties to interpret

this provision as a forum selection clause requiring that all actions regarding Clingaman's military pension be brought in Ohio. As such, we decline Faraschuk's invitation to do so.[4]

{¶16} Finally, Faraschuk asserts that Ohio should exercise personal jurisdiction over Clingaman since "no place else literally has jurisdiction." Amended Appellant's Br., p. 12. We are unsure that this is the case – Clingaman's current home of record with the military is Virginia while he appears to have a wife and real estate in Racine, Wisconsin. Those facts may be sufficient under the laws of those states for them to exercise personal jurisdiction over Clingaman. However, whether Virginia or Wisconsin has personal jurisdiction over Clingaman is immaterial to the disposition of this matter. We are merely faced with the issue of whether an Ohio state court has personal jurisdiction over Clingaman. Under our well-settled law, the Court of Common Pleas for Defiance County could not exercise personal jurisdiction and consequently, Faraschuk's argument to the contrary must fail.

{¶17} Accordingly, we overrule Faraschuk's first assignment of error.

---

[4] Faraschuk additionally points out that the Partial Stipulated Judgment was purportedly a contract of adhesion. However, Faraschuk did not raise this issue in the court below and the record does not include evidence relating to it. By failing to assert this argument in the trial court, Faraschuk waived the issue and we will not consider it on appeal.

*Assignments of Error Nos. II & III*

{¶18} In her second and third assignments of error, Faraschuk challenges the trial court's grant of summary judgment on the basis that the doctrine of laches barred her claim. Because we have found that the trial court properly granted summary judgment on the basis that it lacked personal jurisdiction over Clingaman, we need not consider the issues relating to laches, which served as alternative bases for the trial court's grant of summary judgment.[5] As such, our resolution of the first assignment renders the second and third assignments of error moot and we decline to address them. App.R. 12(A)(1)(c).

*Assignment of Error No. IV*

{¶19} In her fourth assignment of error, Faraschuk contends that the trial court's grant of summary judgment violates the United States Constitution's Full Faith and Credit Clause. Specifically, she suggests that the 2000 California court order granting a divorce decree to the parties and the 2009 California court order denying her request for one-half of Clingaman's military pension both declared that Ohio had jurisdiction over this matter. Because we find that neither of the California court orders requires Ohio to exercise personal jurisdiction over Clingaman, we disagree.

---

[5] Further, we note that since the trial court lacked jurisdiction over Clingaman, it had no jurisdiction to consider Clingaman's laches argument. As such, the trial court's consideration of laches was improper.

**{¶20}** Article IV, Section 1 of the United States Constitution provides, in pertinent part, that "[f]ull faith and credit shall be given in each state to the * * * judicial proceedings of every other state." Under this provision, all state courts are required to "treat a state court judgment with the same respect that it would receive in the court of the rendering state." *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373, 116 S.Ct. 873 (1996).

**{¶21}** In this matter, we must determine the import of the 2000 and 2009 California state orders. After reviewing both orders, we find that they neither explicitly nor implicitly state that Ohio has jurisdiction over the division of Clingaman's military pension. Rather, the orders merely state that California does not have jurisdiction. As such, the trial court was only required to give full faith and credit to the California state courts' determinations that they lacked jurisdiction. The trial court complied with this requirement since it did not find that California had to exercise jurisdiction in this matter. Consequently, the trial court did not run afoul of the Full Faith and Credit Clause.

**{¶22}** Accordingly, we overrule Faraschuk's fourth assignment of error.

**{¶23}** Having found no error prejudicial to Faraschuk in the particulars assigned and argued, we affirm the trial court's judgment.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**