[Cite as *Howard v. Go Ahead Vacations, Inc.*, 2022-Ohio-2202.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CHERIE H. HOWARD, | CASE NO. 2021-T-0041 |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the Girard Municipal Court |
| GO AHEAD VACATIONS, INC. d.b.a. GO AHEAD TOURS, | Trial Court No. 2021 CVI 00187 |
| Defendant-Appellee. | |

## O P I N I O N

Decided: January 27, 2022
Judgment: Reversed and remanded

*Jan R. Mostov*, 1108 Ravine Drive, Youngstown, OH 44505 (For Plaintiff-Appellant).

*Matthew G. Vansuch*, Brouse McDowell, LPA, 6550 Seville Drive, Suite B, Canfield, OH 44406 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Cherie H. Howard, appeals from the judgment of the Girard Municipal Court, finding a forum selection clause to be applicable and staying the case for Howard to refile the matter in Massachusetts. For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On March 8, 2021, Howard filed a Small Claims Complaint against defendant-appellee, Go Ahead Vacations, Inc., dba EF Go Ahead Tours, in the Girard Municipal Court. The Complaint alleged that Go Ahead failed to refund to Howard a

deposit "in violation of Ohio Adm. Code 109:4-3-07 and R.C. 1345.01 et seq." and sought damages in the amount of $1,350.

{¶3} On April 26, 2021, Go Ahead filed a Motion to Dismiss and Trial Brief, in which it argued that the matter should be dismissed due to the existence of a forum selection clause in the parties' written agreement. Attached to the Motion was the affidavit of Liz Failla, Vice President of Customer Experience for Go Ahead. Pursuant to her affidavit, Go Ahead markets international tour programs to travelers throughout the United States, enrolling customers in travel parties. Its headquarters and principal place of business is in Cambridge, Massachusetts and it has no offices or records kept in Ohio. Failla indicated that Howard purchased a tour to Italy and Greece, scheduled to depart on May 16, 2020, through an online enrollment process and paid $4,605.75. Due to COVID-related travel bans, the tour was unable to depart on the scheduled date. Go Ahead offered options to rebook at a later date or receive a refund minus a fee of $450. Go Ahead returned $4,155.75 to Howard.

{¶4} Pursuant to Failla and attached company records, Howard electronically accepted the Go Ahead Booking Terms and Conditions, which provided various policies relating to cancellation and deposits. It also included the following clause:

> I understand and agree that this agreement shall be governed in all respects, and performance hereunder shall be judged, by the laws of the Commonwealth of Massachusetts. In the event of any claim, dispute or proceeding arising out of my relationship with GAT, or any claim which in contract, tort, or otherwise at law or in equity arises between me and the Released Parties, whether or not related to this agreement, all parties submit and consent to the exclusive jurisdiction and venue of the courts of the Commonwealth of Massachusetts and of the United States District Court for the District of Massachusetts.

2

Case No. 2021-T-0041

{¶5} On May 11, 2021, Howard filed a Memorandum in Opposition to the Motion to Dismiss, arguing, inter alia, that the forum selection clause was unconscionable and against public policy. In her accompanying affidavit, Howard, a resident of Trumbull County, Ohio, stated that WYSU 88.5 FM, a public radio station owned by Youngstown State University, sponsors group tours around the world with travelers from eastern Ohio and western Pennsylvania. According to Howard, these tours are planned by Go Ahead and a local WYSU tour coordinator matches hotel roommates and provides travelers with tour updates. She booked the Italy and Greece trip, which was scheduled to depart from the Pittsburgh airport, online and charged a $450 deposit to her credit card on November 9, 2019. She subsequently received e-mail updates via the WYSU coordinator regarding COVID's impact on the trip and its cancellation. According to Howard, she filed an online consumer complaint with the Massachusetts Attorney General's Office and was informed that it had entered into an agreement providing relief only for Massachusetts consumers whose trips had been cancelled.

{¶6} A Magistrate's Decision was issued on June 22, 2021, in which the magistrate determined that Howard "failed to sustain the burden of proof necessary to invalidate the forum selection clause outlined in the contract between the parties." The court adopted the decision.

{¶7} On July 27, 2021, Findings of Fact and Conclusions of Law were issued, in which the magistrate found there was no evidence that the forum selection clause was the result of fraud or overreaching, the clause did not violate public policy, and the order to litigate the matter in Massachusetts did not rise to the level of depriving Howard of her day in court. Howard filed Objections to the Decision. The court issued a Judgment Entry

3

on September 1, 2021, finding no errors in the magistrate's decision and adopting the decision. It ordered that the case "is hereby stayed for a period of sixty (60) days to allow the Plaintiff to refile this action in the Commonwealth of Massachusetts pursuant to Ohio R. Civ. Pro. 3(E). Upon the expiration of the sixty (60) day period, this case shall be dismissed."

{¶8} Howard timely appeals and raises the following assignment of error:

{¶9} "The trial court erred as a matter of law in finding that the forum selection clause is enforceable."

{¶10} Ohio courts have reviewed the enforceability of a forum selection clause de novo. *Original Pizza Pan v. CWC Sports Group, Inc.,* 194 Ohio App.3d 50, 2011-Ohio-1684, 954 N.E.2d 1220, ¶ 10 (8th Dist.); *Keehan Tennessee Invest., L.L.C. v. Praetorium Secured Fund I, L.P.*, 2016-Ohio-8390, 71 N.E.3d 325, ¶ 30 (9th Dist.). The party challenging a forum selection clause bears the burden of establishing it is unenforceable. *Discount Bridal Servs. v. Kovacs*, 127 Ohio App.3d 373, 376, 713 N.E.2d 30 (8th Dist.1998), citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

{¶11} Howard first contends that the forum selection clause is unenforceable "as it is clearly not commercial in nature." However, Howard recognizes that the law does not prohibit enforcement but emphasizes that the trial court failed to acknowledge the consumer nature of the transaction.

{¶12} "Forum selection clauses should be distinguished between commercial and noncommercial parties." *Hawkins v. Integrity House, Inc.*, 11th Dist. Lake No. 2008-L-120, 2009-Ohio-5893, ¶ 19; *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 112 Ohio

4

St.3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶ 8. While "[c]ommercial forum-selection clauses between for-profit business entities are prima facie valid * * * [b]y contrast, in Ohio, forum-selection clauses are less readily enforceable against consumers." *Id.* at ¶ 20, citing *Info. Leasing Corp. v. Jaskot,* 151 Ohio App.3d 546, 2003-Ohio-566, 784 N.E.2d 1192, ¶ 13 (1st Dist.).

{¶13} While we recognize that commercial and non-commercial parties are treated differently in relation to forum selection clauses, it does not follow that such clauses are never enforceable in a case involving a consumer. Although the Ohio Supreme Court has expressed the differences between commercial and non-commercial parties, it "did not expressly limit application of forum selection clauses to cases involving commercial parties." *Krygsman v. Gerken*, 2d Dist. Montgomery No. 16062, 1997 WL 368358, *4 (July 3, 1997). Forum selection clauses have been found valid in some noncommercial cases. *Id.* at *7; *IntraSee v. Ludwig*, 9th Dist. Lorain Nos. 10CA009916 and 11CA010024, 2012-Ohio-2684, ¶ 22.

{¶14} To the extent that Howard argues the trial court failed to acknowledge the difference between commercial and noncommercial agreements, we emphasize that this court evaluates this matter de novo. Thus, this court will consider the foregoing in determining whether the forum selection clause is enforceable.

{¶15} Howard next argues that the forum selection clause is invalid since the factors for enforcement of such a clause weigh in her favor. We agree.

{¶16} The Ohio Supreme Court "adopted a three-pronged test, similar to the test in *Bremen* [407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513], to determine the validity of a forum-selection clause: (1) Are both parties to the contract commercial entities? (2) Is

5

there evidence of fraud or overreaching? (3) Would enforcement of the clause be unreasonable and unjust?" *Preferred Capital*, 112 Ohio St.3d 429, 2007-Ohio-257, 860 N.E.2d 741, at ¶ 7; *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d 173, 610 N.E.2d 987 (1993), syllabus ("[a]bsent evidence of fraud or overreaching," a forum selection clause is valid and enforceable "unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust"). The test in *Bremen*, as has been applied by Ohio courts, sets forth that a forum selection clause is invalid if the party challenging the clause shows "(1) that the contract was the result of fraud or overreaching; (2) that enforcement would violate the strong public policy of the forum state, *i.e.,* in this case, Ohio; and (3) that enforcement under the particular circumstances of the case would result in litigation in a jurisdiction so unreasonable, difficult and inconvenient that plaintiff would for all 'practical purposes be deprived of his day in court.'" *Barrett v. Picker Internatl., Inc.*, 68 Ohio App.3d 820, 824, 589 N.E.2d 1372 (8th Dist.1990), citing *Bremen* at 18; *inVentiv Health Communications, Inc. v. Rodden*, 2018-Ohio-945, 108 N.E.3d 605, ¶ 24 (5th Dist.); *IntraSee*, 2012-Ohio-2684, at ¶ 8. This standard has been applied in cases involving non-commercial parties. *Krygsman*, 1997 WL 368358, at *4; *Zilbert v. Proficio Mtge. Ventures, L.L.C.*, 8th Dist. Cuyahoga No. 100299, 2014-Ohio-1838, ¶ 20; *IntraSee* at ¶ 8.

{¶17} As observed above, there is no question that Howard is not a commercial entity and, thus, the forum selection clause here is not prima facie valid and we must consider this matter while taking into account that the forum selection clause is "less readily enforceable" in this type of matter. *See Hawkins*, 2009-Ohio-5893, at ¶ 20, citing *Info. Leasing*, 2003-Ohio-566, at ¶ 13. While commercial entities are presumed to have

6

experience in contractual and business matters, such is not the case with a consumer. *Preferred Capital* at ¶ 8; *see also Copelco Capital, Inc. v. St. Mark's Presbyterian Church*, 8th Dist. Cuyahoga No. 77633, 2001 WL 106328, *4 (Feb. 1, 2001) (noting the lack of sophistication of the parties as a factor in rejecting a forum selection clause). Although we observe that the same factors relating to fraud, public policy, and reasonableness have been applied in both commercial and consumer contracts, as the Ohio Supreme Court has set forth, consideration of whether a contract is commercial is a separate factor that must be weighed. Given that this contract involves Howard as a consumer with Go Ahead being a business that markets and plans travel to consumers, this weighs heavily in Howard's favor.

{¶18} Next, Howard concedes that she has not argued the forum selection clause was a product of fraud or overreaching. Nonetheless, it is necessary to briefly examine this factor, as it is relevant in the overall validity of the forum selection clause and relates back to the significant factor of the commercial or consumer nature of the contracting parties. "Overreaching is defined as the act or an instance of taking unfair commercial advantage of another." (Citations omitted.) *inVentiv* at ¶ 25, citing *Buckeye Check Cashing of Arizona, Inc. v. Lang,* S.D.Ohio No. 2:06-CV-792, 2007 WL 641824, *5 (Feb. 23, 2007). While unequal bargaining power alone does not support a finding of overreaching, it "may be found if the disparity in bargaining power was used to take unfair advantage." (Citations omitted.) *Id.* Here, it is worth emphasizing that Go Ahead targets advertising for group tours in the Ohio area toward Ohio consumers and, according to Howard, such marketing through the YSU radio station extends to having a local contact who aids in coordinating the tours. It is reasonable that a consumer may believe that

7

such tours are coordinated locally and they would not be litigating this matter in another state. Even if this does not rise to the level of using bargaining power to take unfair advantage, it further supports the finding that the remaining factors must be weighed while taking into account the unequal power between Go Ahead, a sophisticated business, and Howard as the consumer.

{¶19} Next, Howard argues that the forum selection clause is unreasonable and unjust, emphasizing the inconvenience of having to litigate the suit in Massachusetts.

{¶20} "In determining whether the selected forum is sufficiently unreasonable, Ohio courts consider the following factors: (1) which law controls the contractual dispute; (2) the residency of the parties; (3) where the contract was executed; (4) where the witnesses and parties to the litigation are located; and (5) whether the forum clause's designated location is inconvenient to the parties." *Id.* at ¶ 29, citing *Original Pizza*, 194 Ohio App.3d 50, 2011-Ohio-1684, 954 N.E.2d 1220, at ¶ 15. "A finding of unreasonableness or injustice must be based on more than inconvenience to the party seeking to avoid the forum selection clauses' requirements." *Zilbert,* 2014-Ohio-1838, at ¶ 25. "Mere distance, mere expense, or mere hardship to an individual litigant is insufficient to invalidate a forum selection clause." (Citation omitted.) *IntraSee,* 2012-Ohio-2684, at ¶ 20. "Rather, the trial court must find that enforcement of the clause would be manifestly and gravely inconvenient to the party seeking to avoid enforcement such that it will effectively be deprived of a meaningful day in court." *inVentiv* at ¶ 28; *Bremen*, 407 U.S. at 19, 92 S.Ct. 1907, 32 L.Ed.2d 513.

{¶21} As to the first unreasonableness factor, the parties' contract provides that the law of Massachusetts applies. This is not of particular significance, as it has been

Case No. 2021-T-0041

noted that the benefit of a choice of law clause would be received "even if the case is tried in Ohio, since the courts in Ohio would be capable of applying [another state's] law" and, thus, such factor "does not weigh heavily in favor of one jurisdiction over the other." *Zilbert* at ¶ 28. As to residency, Go Ahead has its principal place of business in Massachusetts while Howard is located in Ohio. While this does not weigh heavily in favor of one party like it might in the instance where the forum is not convenient for either party, we do note the heavier burden on a consumer to travel, particularly when it comes to cost, while such a burden is inherent in operating a company. As to where the contract was executed, this occurred online, with Howard accepting the terms at her residence in Ohio.

**{¶22}** Significantly, since the group tour at issue involves residents of Ohio and has a local coordinator located in Ohio, as Howard indicates, it appears the majority of the witnesses would hail from the state of Ohio. This weighs in favor of Howard as does the interrelated factor of inconvenience. It has been determined that forums in states such as Colorado and Utah are inconvenient for Ohio citizens. In *Waymire v. Litsakos*, 2d Dist. Montgomery No. 13197, 1992 WL 317464 (Nov. 5, 1992), the court determined that Colorado was an inconvenient forum that would deprive the plaintiff of her day in court where the witnesses to the transaction were Ohio residents and she would have to incur the expense of hiring a foreign attorney and flying the witnesses to Colorado. *Id.* at *4. In *Zilbert*, the court found Utah was not a convenient forum where most witnesses relevant to the action were in Ohio and "the degree of distance between the two states would contribute to a significant increase in the cost of litigating this action for Zilbert * * *, Zilbert was making a modest salary[,] [h]e might have difficulty securing witnesses because of the increased cost of witness fees involved in litigating the action in Utah,"

9

and he and the witnesses "would be seriously inconvenienced by the need to obtain extended leave from jobs or to cover familial obligations." *Id.* at ¶ 30-31. *See also AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 8th Dist. Cuyahoga No. 109632, 2021-Ohio-1190, ¶ 71 (finding it unreasonable and unjust to require travel and transportation of witnesses from Pennsylvania to North Carolina). Litigating a case in Massachusetts would create a significant travel burden for Howard and any witnesses necessary in this case.

{¶23} We recognize that forums in various states outside of Ohio have been found not to be inconvenient. To the extent that these cases involve commercial contracts, we find them to be of limited value since the burden to a consumer is likely greater than to a corporation and when considering this in the context of the requirement that commercial and noncommercial contracts be considered differently. Cases involving noncommercial contracts that have found other states or countries to be convenient forums are distinguishable. In *Krygsman*, 1997 WL 368358, Ontario was found to be an appropriate forum for a plaintiff who resided in Ohio, but the court found that the plaintiff had maintained her residence and citizenship in Ontario and thus it was not unreasonable to expect her to litigate her claim in that forum. *Id.* at *7. In *IntraSee*, 2012-Ohio-2684, the court found the forum in Ohio was proper for a plaintiff residing in Minnesota where it was clear from the employment contract that the company she worked for was located in Ohio and the plaintiff traveled throughout the country for her job. *Id.* at ¶ 21. In contrast, here, Go Ahead marketed toward and targeted regional groups of travelers in Ohio and it is less evident that Howard would have been aware it was based in Massachusetts and litigated its disputes there. As noted above, cases where the forum was found

10

inconvenient often involved concerns about the availability of witnesses, which is a relevant concern here given the Ohio-centered focus of these trips.

{¶24} Finally, Howard emphasizes that the forum selection clause contravenes public policy in Ohio since she brought her action under the Ohio Consumer Sales Protection Act, which demonstrates a significant interest in protecting Ohio consumers. She argues that Go Ahead committed unfair business practices by failing to give $1.4 million in refunds for cancelled trips and that others in Ohio may be entitled to refunds.

{¶25} Howard has not cited authority for the proposition that the public policy of Ohio prevents forum selection clauses in consumer contracts or where consumer protection claims are brought by the plaintiff. We recognize the consumer protection laws of this state pursuant to R.C. Chapter 1345, which prohibit unfair and deceptive acts in connection with consumer transactions. R.C. 1345.02(A). However, the contract sets forth that Massachusetts law will apply and Massachusetts also has similar statutory provisions preventing unfair and deceptive acts. Mass.Gen. Laws Ann. 93A, § 11. There is no reason to believe that Massachusetts law, and the Massachusetts courts' application of that law, would not adequately protect Howard or address violations of consumers' rights. Thus, we determine this factor does not weigh significantly in either party's favor.

{¶26} A review of the foregoing factors demonstrates they weigh in favor of Howard. While there are arguably a few factors that do not favor either party, the significant inconvenience to Howard and potential witnesses and the weight that must be given to consideration of the fact that she was the consumer in this transaction heavily favor a determination that the forum selection clause is invalid. As such, we reverse the lower court's decision to enforce the forum selection clause and stay the matter for filing

11

in Massachusetts and remand with instructions that this matter shall proceed in the Girard Municipal Court.

{¶27} The assignment of error is with merit.

{¶28} For the foregoing reasons, the judgment of the Girard Municipal Court is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.

THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

12